CYRUS A. SHEETS

*v.*

DENNIS SWEENEY.

*Filed at Ottawa January 22, 1891.*

1. BOUNDARY—*division line—as established by parol agreement between adjacent owners.* The owners of adjacent lands may, by parol agreement, when fairly entered into, settle and establish the boundary line between their lands, which, when followed by possession to the line thus established, will be binding upon them and their privies. Such agreement operates, not by way of conveyance of the land, but as determining where the true boundary in fact is, and it will be enforced, as well at law as in equity.

2. The adoption of a division line by adjacent land owners may be implied from the acts and declarations of the parties, and their acquiescence therein for a considerable length of time ; and such agreement, followed by possession in accordance therewith, will estop the parties from disputing it, although the Statute of Limitations has not run.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Plaintiff in error brought ejectment to recover of defendant a tract of land described as follows: Commencing four and seventy-eight hundredths chains east of the north-west corner of section 32, township 27, north, range 8, east of the fourth principal meridian, in Stephenson county; thence south nine chains and ninety-one links; thence south forty degrees east twenty-nine feet to a fence running north and south, built by one M. S. O'Brien; thence north on and along the line of such fence built · by the said M. S. O'Brien and one built by the defendant, Sweeney, to the north line of said section 6, west · twenty-five feet to the place of beginning. The plea was, not guilty.

Plaintiff read in evidence a deed from William O. Wright and wife to the defendant, conveying one two-acre tract and one four-acre tract, the first or two-acre tract lying west of the four-acre tract. It is conceded that the strip of land in controversy was included in the four-acre piece so conveyed to defendant by said Wright. Plaintiff then offered in evidence the following deeds:

*First*—From defendant and wife to Mortimer S. O'Brien, dated May 20, 1873, recorded the same day, purporting to convey, by the following description, two acres of said four-acre tract, that is to say, commencing on the north side of section 32, township 27, north, range 8, east of the fourth principal meridian, as follows: four chains and seventy-eight links east of the north-west corner of said section; thence south nine chains and ninety-one links; thence east forty degrees south two chains and eighty-six links; thence north ten chains and eighty-four links; thence west to the place of beginning; two chains and three links,—containing two acres, more or less. This deed contains the following statement: "This deed is made to correct the deed between the same

22—136 ILL.

parties dated December 7, 1867, and recorded in book 47 of deeds, page 430."

*Second*—A deed from defendant and wife to said O'Brien, purporting to convey two acres, more or less, by the following description: Commencing on the north side of section 32, township 27, north, range 8, east of the third principal meridian, four chains and seventy-eight links east of the north-west corner of said section; thence north nine chains and ninety-one links; thence north forty degrees east two chains and eighty-six links; thence south ten chains and eighty-four links; thence west to the place of beginning, two chains and three links,—containing two acres, more or less.

*Third*—A trust deed from said M. S. O'Brien and wife to Oscar Taylor, trustee, etc., dated May 19, 1873, and also a trustee's deed from Oscar Taylor, trustee, etc., to the plaintiff, dated the 17th day of April, 1882, each of which last mentioned deeds described the land as follows: Commencing on the north side of section 32, township 27, range 8, east of the fourth principal meridian, four chains and seventy-eight links east of the north-west corner of said section; thence running south nine chains and ninety-one links; thence running south forty degrees east two chains and eighty-six links; thence north ten chains and eighty-four links; thence west to the place of beginning,—containing two acres, more or less.

Each of said deeds was objected to, generally and specifically, for the reason that they did not describe the land set forth in the declaration, and that the description therein was void for uncertainty. A number of witnesses were examined, whose testimony is sufficiently noticed in the opinion of the court. Verdict and judgment for defendant. Plaintiff below prosecutes this appeal, and both parties assign errors.

Mr. U. D. MEACHAM, for the plaintiff in error.

Messrs. JAMES Q. NEFF, J. H. STEARNS and GEORGE L. MUNN, for the defendant in error.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The cross-errors assigned question the correctness of the rulings of the trial court in the admission of the deeds introduced by the plaintiff in error subsequent to the first from Wright to Sweeney, the defendant. It is by no means clear that the description in these deeds is sufficient to make a valid conveyance of the land, but it is clear that if the boundaries designated in the deeds close, so as to make a valid description, all of the land claimed in the declaration is not described in the deeds. But as the judgment must be affirmed upon other grounds, determining against the right of recovery by the plaintiff of any portion of the land, we do not deem it necessary to discuss or determine the question thus raised.

It appears from the evidence, that some time prior to 1864 William O. Wright, who is the common source of title, owned the land in controversy, with other adjacent lands. In that year Wright conveyed to the defendant two acres of land situated in the north-west corner of section 32, township 27, north, range 8, east, by metes and bounds, and shortly thereafter defendant bargained with the said Wright, through his agent, Atkinson, for a tract of four acres of land, adjoining, on the east, said two acres previously conveyed to defendant. On the 3d day of September, 1867, a deed to the four-acre tract was made by Wright and wife to Sweeney, the defendant, the description of which will be found in the foregoing statement. The proof tends to show that in the purchase of the four acres Mortimer S. O'Brien was joined with defendant, and that he (O'Brien) paid one-half of the purchase price to Wright. About three months after the execution of the deed from Wright to Sweeney,—that is, on the 7th day of December, 1867,— Sweeney and wife attempted, by their deed, to convey two out of the four acres to O'Brien, which was abortive, for the reason that the land therein described, as we have before seen, would be situated upon the section north of said section 32,

instead of upon that section. It is substantially agreed that prior to the making of this deed, and perhaps prior to obtaining the deed from Wright, it was agreed between O'Brien and Sweeney, that Sweeney should take of the four-acre tract one acre lying next to his two-acre tract, which he had previously purchased of Wright, as before mentioned, and that O'Brien should take the next two acres, and that Sweeney should have the remaining acre lying on the east of O'Brien, and which last mentioned acre tract was sold by Sweeney to Casey, and deeded. It is also conceded that two or three years before the attempted conveyance by Sweeney and wife to O'Brien, the parties called to their assistance in the division of said tract, Baumgarten, a surveyor, who ran and established the lines between the portions of land that O'Brien and Sweeney were severally to take. It appears that the surveyor stuck stakes and cut notches in fences to mark the division line, and that very shortly thereafter O'Brien built one-half of a division fence and Sweeney the other half thereof, upon the line thus established between O'Brien's two acres of land and Sweeney's one-acre tract, lying to the west of O'Brien's tract.

The jury were justified, from the evidence, in finding that such division fence had been maintained by the several owners, where originally located and built, for over twenty-one years at the time this suit was brought. The evidence shows that the fence thus erected and maintained was five and fifteen one-hundredths chains east of the north-west corner of said section 32, instead of four chains and seventy-eight links east of said corner, as called for in the description in the several deeds under consideration. It is not contended that the practical location of the line thus made by the parties was not an exact division of the land, by which each got two acres out of the four-acre tract, as was intended, and the jury were justified in finding that the settlement of the line by the parties, and the subsequent building and maintenance of the fence thereon, was done with full knowledge of all the parties as

to where the true line was in fact located. It appears that Sweeney and O'Brien, with a clothes line, measured off, upon the line established by the surveyor, the portion of the division fence to be built and maintained by each, and that it was built, kept in repair and maintained accordingly. It also appears that Sweeney's lot was enclosed, and that he built a house thereon about the year 1868, and moved his barn on the strip of land now in controversy, and continued to thus occupy the same until about twelve or fourteen years before the trial, when he erected a brick dwelling house, eight feet of which sits over upon the disputed tract, and then moved his barn from where it had previously stood, down to the line between him and O'Brien as established by Baumgarten, where it has since remained. This suit was brought in November, 1885.

It is apparent that the difficulty here arises because the call in the deeds from Sweeney and wife to O'Brien commences the description of O'Brien's land at a point four chains and seventy-eight links east of the north-west corner of section 32, while his west line, as established by the parties, is thirty-seven links east of that point,—or, in other words, five chains and fifteen links east of the north-west corner of said section.

It is insisted by counsel that Sweeney can not be allowed to contradict his deed, and that as between the parties, or the grantees of either, O'Brien's land commences at the point designated in the deed; and it is said, that if there is a mistake in the deed it can not be corrected in this action, but that resort must be had to the proper forum, and that parol evidence is inadmissible, in this proceeding, to defeat the right of recovery by the plaintiff according to the description in his deed. It is also insisted that the effect of admitting parol evidence was to defeat the operation of the deed as to the tract in controversy, and was within the Statute of Frauds. The law is well settled in this State, that the owners of adjoining

lands may, by parol agreement, when fairly entered into, settle and establish the boundary line between their lands, which, when followed by possession to the line thus established, will be binding upon them and their privies. Such agreement operates, not by way of conveyance of the land, but as determining where the true boundary in fact is. It is the policy of the law to give stability to such agreements, and they will be enforced as well at law as in equity. *Crowell* v. *Maughs*, 2 Gilm. 419; *Cutler* v. *Callison*, 72 Ill. 113; *Kerr* v. *Hitt*, 75 id. 51; *People* v. *Stahl*, 101 id. 346; *Fisher* v. *Bennehoff*, 121 id. 426; *Schoonmaker* v. *Doolittle*, 118 id. 605.

The adoption of such a line may be implied from the acts and declarations of the parties, and their acquiescence therein for a considerable length of time. It was held in *Fisher* v. *Bennehoff, supra,* that after the lapse of thirty-five years of uninterrupted acquiescence in the line, the parties were estopped from asserting that it is not the true line. In *Bauer* v. *Gottmanhausen*, 65 Ill. 499, it was held, that where parties agreed upon a boundary line, and entered into possession according to the line, they were thereby precluded from afterward disputing it, although the Statute of Limitations had not run. The case of *Schoonmaker* v. *Doolittle, supra,* was very similar in its facts to the case at bar. As here, the lands were conveyed by one of the parties to the other, and a surveyor called in to ascertain the line between the land conveyed and that to which the title was retained by the grantor. The deed of conveyance described more land than was contracted to be conveyed, and more than the grantee entered into possession of. The grantor remained in possession up to the line established by the surveyor, which was in accordance with the contract, but not according to his deed. It was subsequently discovered, upon survey made many years afterwards, that the grantor was in possession of a strip of land described in the deed, but it was held, that as the line had been established

by the owners as a division line between their lands, and the grantor had occupied according to such division line, under claim of ownership, for thirty-six years, he could avail of the title thus accrued, in ejectment. See, also, *Schneider* v. *Botsch,* 90 Ill. 577 ; *Sutherland* v. *Goodnow,* 108 id. '528.

As before said, the jury were justified in finding that the parties had settled the boundary line of their respective tracts, and that each had entered into possession and occupied up to that line for more than twenty-one years prior to the bringing of this action, and that this was done with full knowledge of where the true line was. Under the circumstances shown, it must be held that the plaintiff was estopped from asserting title to land west of the division line as thus established by the parties.

We have carefully examined the instructions given, and those asked by plaintiff and refused, and no good purpose can be subserved by their separate examination. The law as laid down by the court to the jury was substantially as here held, and it must be said, generally, of the refused instructions, that every principle therein contained, proper to be given, is fully covered in the instructions given.

There was no error in the admission of evidence of which the plaintiff could complain. As we have already seen, parol testimony was admissible for the purpose of showing the location of the line, and it was competent to prove facts and circumstances from which such location might be implied.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*