CHARLES OSBURN, et al., v. THE CITY OF LYONS, et al., Appellants.

**Public Improvements:** CONSTRUCTION OF CONTRACT: *Guaranty.* A provision in a contract for grading, curbing, guttering and paving a street, that the contractor shall, without further compensation, keep in continuous good repair all pavements laid under the contract for a period of five years, except as to defects or repairs required by excavations or disturbances of the street not caused by the contractor, and requiring the pavement to remain during such time a good, substantial, reliable and durable pavement in all its parts ' except ordinary wear," does not invalidate the contract, although Code 1873, section 465, requires the city to pay the expense of repairs—as such provision is a mere guaranty of the proper construction of the pavement.

NOTICE: Validity of contract. Acts Twenty-third General Assembly, chapter 14, section 3, as amended by Acts Twenty-fourth General Assembly, chapter 12, provides that all contracts for public improvements shall be made after public notice of the extent of the work, the kind of materials used, and the time when the work shall be completed. A notice provided for sealed proposals for paving, and referred to an ordinance of the city fixing November 1, 1893, as the time for completion of the work. Four months after notice was published, two bids were received, and six months before either of them was accepted, the council changed the time for completing the work to August 1, 1894. The bid of the contractor was not accepted until May 1, 1894. *Held,* that as the bid of the company was originally made under

the proposition that the work should be completed November 1, 1893, and as no bid had been secured to do the work to be completed at the second date fixed, the contract, as finally made, was entered into without notice and without the competition required by the statute.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION in equity to restrain the collection of a tax levied to pay for the improvement of a street. There was a hearing on the merits, and a decree in favor of the plaintiffs. The defendants appeal.—*Affirmed.*

*S. C. Scott* and *Hayes & Schuyler* for appellants.

*F. W. Ellis* and *L. A. Ellis* for appellees.

ROBINSON, J.—On the thirtieth day of May, 1893, the council of the city of Lyons ordered that Sixth street, from the south line of improvement district No. 1 to the city limits of the cities of Lyons and Clinton, be graded, curbed, guttered and paved by the first day of the next November. The portion of the street· ordered paved was designated "Improvement District No. 3" in the city of Lyons. A notice to contractors, inviting sealed ·bids for furnishing the materials for and making the improvements ordered, was published, and on or before the fifth· day of July, 1893, the time fixed for filing bids, two were received by the city, that of the Lyons Construction Company being the lowest and best bid. On the thirty-first day of October, 1893, the resolution adopted May 30, 1893, was amended by changing the date on or before which the improvement should be completed from November 1, 1893, to the first day of August, 1894. On the fifteenth day of May, 1894, the city council

ordered the issuing of bonds in two series, on account of the improvement, and not to exceed the contract price thereof. One series, to the amount of seven thousand dollars, was for the payment of that portion of the work covered by the intersections of streets and alleys, and the other series, to the amount of thirty-three thousand dollars, was to cover the remainder of the cost of the improvement. All of those bonds were issued and sold. In July, 1894, the improvement was completed and accepted by the city, the amount of the assessment was fixed, and apportioned to the city, to the street railway company, and to the abutting property owners, and a time fixed for making objections to the assessments, notice of which was published in two newspapers of the city. The plaintiffs are the owners of property against which assessments were made, and they allege that the tax levied by the city for the improvements is invalid for various reasons, and ask that the collection thereof be restrained, and that it be declared not to be a lien upon their property. The district court found that the taxes so levied were illegal, and enjoined their collection.

I. The first objection to the validity of the tax urged is that the requirements of the law with respect to letting contracts for such improvements were not fulfilled. Chapter 14, Acts Twenty-third General Assembly, as amended by chapter 12, Acts Twenty-fourth General Assembly, gave to all cities of the state having a population of more than four thousand, and all cities acting under special charters, power to make certain contracts in regard to paving and curbing streets. Section 3, of the chapter 14 specified, provides that "all such contracts shall be made by the council, * * * and shall be made with the lowest bidder or bidders upon sealed proposals after public notice for not less than ten days, in at least two newspapers of the said city, which notice shall state as

nearly as practicable the extent of the work, the kind
of material to be furnished, when the work shall be
done, and at what time the proposal shall be acted
upon." It is claimed that the notice to contractors pub-
lished in this case failed to state at what time the bids
would be acted on and when the work should be done.
The portion of the notice thus called in question is as
follows: "State of Iowa, Clinton County:—ss: Sealed
bids or proposals are hereby invited by the undersigned,
city clerk of Lyons city, in said county, to be filed with
him at his office in said city on or before the fifth day
of July, A. D. 1893, at 7:30 o'clock P. M., for grading,
curbing, guttering, and paving improvement districts
numbers 2 and 3, in said city, according to the resolu-
tion and ordinance of said city heretofore adopted,
ordering the same, and the specifications of the city
engineer of said city on file in the office of the said city
clerk, which, together with his estimate of approximate
quantities are hereby included in this notice and made
a part hereof." The statute also required the notice to
state when the work should be done, but the notice in
question did not refer to that subject. It is true that
the paving resolution referred to in the notice fixed
November 1, 1893, as the time for completing the work;
but about four months after the notice was published
and the bids were received, and six months before either
of them was accepted, the council changed the time for
completing the work to the first day of August, 1894,
as already stated. The bid of the Lyons Construction
Company was not accepted until the first day of May,
1894. At that time the company was not under any
obligation, on account of the original bid, to do the
work, for the reason its bid was based on the proposi-
tion that the work should be completed on the date
first fixed, and the bid of its competitor was founded
upon the same proposition. No bid had been asked
nor made to do the work during a period of time which

would expire on the second date fixed, and the contract as finally made was entered into without notice, and without the competition for which the statute provides. It is not a case where a contract has been entered into in good faith, and for some good and sufficient reason the time of performance has been extended, but where a new contract has been made. By the terms of the first notice, a certified check for five hundred dollars was required to be deposited by each bidder, and that of the construction company was not surrendered to it, but that fact did not affect the character of the transaction. We are of the opinion that the notice given was wholly insufficient to meet the requirements of the statute. It was said in *Coggeshall v. City of Des Moines,* 78 Iowa, 235, of statutory provisions in character somewhat like those in question, that they were mandatory, to be strictly followed. See, also, *Windsor v. City of Des Moines,* 101 Iowa, 343. We conclude that the failure to give notice in this case required by statute was a defect which made the contract for the improvements in question invalid.

II. The contract which the city attempted to make with the construction company contains the following: "The said Lyons Construction Company hereby guarantees that said curbing, grading, guttering, and paving in said district shall be done and completed according to the contract and specifications hereto attached (no acceptance of or payment for the same being a waiver for any failure to comply substantially with such specifications), and in addition thereto that the same shall be and remain (except as to the defects which may appear, or repairs which may be needed by reason of excavations or disturbances of the streets not caused by said contractors, their agents, servants, or employes), at the end of five years from the completion thereof, in as good condition in all respects as when completed and as required

by such specifications; and shall be and remain good, substantial, reliable, and durable pavement in material and workmanship as a whole and in all its parts, except ordinary wear; and in case any repairs are necessary or proper, except as aforesaid, during said five years, said contractors shall make the same annually, when not of a serious or expensive character, otherwise promptly on the notification by the said Lyons city, use the same material required by these specifications, and all without expense to said city. And, in case said contractors shall fail to make such annual repairs within ten (10) days after such notification, said city may cause the same to be made, and charge the cost thereof to the contractors, for which they and their bondsmen shall be liable, and which they shall pay promptly to said city upon completion of such repairs." It is claimed that this portion of the contract was invalid because it provided for maintaining the improvement in good condition for the term of five years, the effect of which was to include in the contract price the cost of keeping the improvement in repair for the term stated, whereas section 465 of the Code of 1873, in force when the contract was entered into, required the city to pay the expense of such repairs. The contract refers to annual repairs, but a careful examination of its provisions shows that the contractor was not to be liable for defects caused and repairs made necessary by reason of excavations or disturbances of the streets not caused by the contractor, nor for ordinary wear. The contract was, in effect, a guaranty that the improvemeht should be of such character that they would remain in the condition they were in when first completed, for the term of five years, excepting as to the defects and repairs specified, and ordinary wear. It was not a contract for keeping the improvement in repair for a fixed term of years, but a guaranty of its quality and durability, coupled with an obligation to make the guaranty good.

Had the undertaking been to keep the improvement in repair for the time specified, in terms sufficiently comprehensive to include repairs by whatever cause made necessary, a different question would be presented. Thus, in *Boyd v. City of Milwaukee*, 92 Wis. 456 (66 N. W. Rep. 603), a contract which required the contractor to keep in good order and repair all the work done for a period of five years, only excepting repairs made necessary by cutting through the pavement for the laying or repairing of sewers, drains, gas, water, or electric service pipes, or other work authorized by the board of public works, was held to include a charge for repairs, and to that extent to have been unauthorized; but it is said that, had the agreement to repair been confined to repairs made necessary by defective workmanship or material, the claim that the contract as to repairs was, in effect, but a guaranty of workmanship and material, would be entitled to serious consideration. The cases of *Brown v. Jenks*, 98 Cal. 10 32 Pac. Rep. 701); *Verdin v. City of St. Louis*, 131 Mo. Sup. 26 (27 S. W. Rep. 447, and 33 S. W. Rep. 480), and *Fehler v. Gosnell* (Ky.) 35 S. W. Rep. 1125, involved contracts somewhat like the one construed in *Boyd v. City of Milwaukee*, and are not authorities against the conclusion we reach. The case of *Cole v. People*, 161 Ill. Sup. 16 (43 N. E. Rep. 607), holds that a condition in the contract that the contractor should "without further compensation, keep in continuous good repair all pavement laid under this contract for a period of five years from September 1, 1894," was merely a warranty or guaranty of the fitness of the material for the use intended, and that the pavement was properly constructed. The Illinois court goes further than we are required to go to sustain the provision in question. The case of *Barber Paving Co. v. Ullman*, 137 Mo. Sup. 543 (38 S. W. Rep. 458) tends strongly to sustain our conclusion.

III.  The appellants contend that the plaintiffs knew that the improvement in question was being made, but did not object thereto, and are therefore estopped to claim that the proceedings connected therewith are void.  We do not find that any of the plaintiffs have so conducted themselves as to be estopped to assail the validity of the assessments.  Some of them may have known that the improvement was being made, but it is not shown that they knew of the illegalities in the letting of the contract, nor that the improvement was the result of anything they did or refrained from doing.  Some of them may have asked for it, but, if so, it must be assumed, in the absence of a showing to the contrary, that they asked that it be made according to law.  Some of them protested against the improvement before the contract therefor was made.  We find no ground upon which the decree of the district court should be disturbed, and it is AFFIRMED.