MARGARET F. KLINKER, Appellant, v. JOHN SCHMIDT, *et al.*

**Action: PARTIES.** The possibility that controversies respecting boundary lines may arise between the owners of other lots of the tier, similar to that involved in the action, does not make them proper parties to an action respecting boundary lines, between the owners of two adjoining lots of the tier.

**RULE APPLIED.** An action was brought for the recovery of a strip of land claimed to belong to plaintiff's lot adjoining that of defendant. Defendant, by amendment and cross petition, pleaded adverse possession for over ten years, and that he, as well as the other owners of the lots in the block, who were made co-defendants by his petition, are holding their land, as marked by fences and other visible monuments accepted as the true boundary line, regardless. of the lot lines and the descriptions contained in their deeds, and asked that the question as to all the boundaries be decided. It appeared that all the lots overlapped on their neighbor's land some fourteen feet on the east. *Held,* that the cross petition did not raise any issue in which co-defendants were interested, since the defenses would not necessarily be the same, and hence such owners should not have been made defendants.

**TRANSFER TO EQUITY.** It was error to transfer the cause to the equity side of the court.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

FRIDAY, MAY 27, 1898.

ACTION against John Schmidt for recovery of real property. In an amendment to his answer and cross petition he made other parties defendants, and upon his motion the cause was transferred to the equity side of the calendar. Decree was entered for Schmidt as prayed, and dismissing plaintiff's petition, and also the cross petition of the defendants. The plaintiff and Schmidt appeal; that of the former being first perfected.—*Reversed.*

*William Graham, Lyon & Lenehan,* and *Horatio B. Smith* for appellant.

*Henderson, Hurd & Kiesel* for appellee.

LADD, J.—The petition contains the averments usual in an action for the recovery of real property, and as required by section 4187 of the Code. John Schmidt alone is made defendant, and is alleged to be in the wrongful possession of a strip of land fourteen feet wide along the westerly side of the east thirty-five feet of lot 12, in block 1, of West Cascade. The ownership of the east thirty-five feet of this lot is alleged to be in plaintiff, and the west twenty-five feet in Schmidt. The answer of the latter was a general denial. Lot 12 is sixty feet wide and one hundred and twenty feet long. It faces National street on the south, and is at the corner bordering East street. West of this lot, and, with it, constituting the south half of block 1, are lots 11, 10, 9, and 8, in the order named. The defendant filed an amendment to his answer and a cross petition, in which he made the owners of all these lots parties defendant, and alleged his ownership of a portion of lot 12, describing the same by objects and localities; that his possession had been adverse for more than ten years under color of title and claim of right; that for more than ten years

the boundary lines between him and plaintiff had been indi-
cated by a fence and buildings, and during that time accepted
as and considered the true line.  He also alleged that he was
unable to describe his lines better because the owners of the
block have held it in disregard of the lines; that each of the
co-defendants is the owner in severalty of some portion of the
block; that the land so owned is marked by fences, walls,
buildings, or other visible monuments which have been
accepted as indicating the true boundary lines regardless of
lot lines and descriptions contained in the deeds; that grant-
ing the plaintiff's petition will compel the defendant and each
of his co-defendants, if they shall desire to hold portions
of said block, to bring and maintain actions against his neigh-
bor.  The prayer is for the dismissal of plaintiff's petition,
that inquiry be made as to the respective ownerships of the
several defendants, and the respective interests of all parties
be ascertained and described, and for such other equitable
relief as may be proper.  On motion the cause was then trans-
ferred to the equity side of the calendar, and each of the
co-defendant filed answers, asking relief peculiar to his
particular case.  The plaintiff objected to the filing of the
amendment to the petition bringing in new parties defendant,
and also resisted the motion to transfer to the equity side of
the calendar.

I.  The plaintiff filed an assignment of errors to the effect
that the court erred in permitting the defendants other than
Schmidt to be brought in by Schmidt, and also in transferring
the cause to the equity side of the calendar.  It may be well to
say by way of explanation, although this does not clearly
appear in the petition or amendment, that the building of
plaintiff extends in East street about fourteen feet, and that
each lot owner to the west is apparently over fourteen feet
on his neighbor's land to the east; and the owners of lot 8,
instead of thirty-two feet, the width of their lot, occupy about
forty-six feet front.  Now, the question arises whether the
other lot owners are so interested in fixing the line between
plaintiff and defendant Schmidt that they are proper or neces-

sary parties. No other actions were pending, and none threatened. Merely the possibility of controversies between other lot owners is made the ground for bringing them into this case. The answer and amendment thereto did not raise any issue in which the co-defendants of Schmidt were interested. If the other owners were occupying the block regardless of boundary lines, in what way would that justify Schmidt in retaining land belonging to the plaintiff? Unless he established one of the defenses interposed by him, the record title of Klinker must prevail. The mere fact that the plaintiff might recover of Schmidt would not indicate that he in turn would be entitled to recover a similar amount of land from his neighbor beyond. If the owners of lot 10 were occupying fourteen feet of lot 11, it would not follow that because of the recovery of the fourteen feet by Klinker, the owner of lot 11 would be entitled to maintain an action for a similar amount of land from the owners of lot 10. As well say, when the line between the north quarters of section 6 is in controversy, all the owners of land in the north half of the upper tier of sections across the township or county must be made parties to the action. The defenses would not necessarily be the same. One might plead adverse possession, another an agreement fixing the boundary, and still another settlement by conveyance or otherwise. It is not a case of avoiding a multiplicity of suits, but of forcing others to participate in litigation in which they are not directly concerned. The owners of other portions of the block were in no way interested in the subject-matter of the controversy between Schmidt and Klinker, nor was the latter concerned in the adjustment of the lines between owners on the west of him. Suppose separate actions were pending between owners of the adjoining lots, putting in issue the right to each strip of land overlapping, could such actions be consolidated? Certainly not, because the subject-matter in each would not be identical, nor would the parties or issues. We think the owners of the land in this block other than the plaintiff and defendant were not concerned in the con-

troversy, and ought not to have been made parties to the suit. The litigation might settle the principles of law applicable to their situation, but in other respects would not be in any way controlling. The answer and amendment put in issue plaintiff's title, and set up as affirmative defenses—*First,* adverse possession; and, *second,* the establishment of the line by acquiescence and agreement. These were matters proper for the consideration of the jury, and the plaintiff had the right to have the issue submitted for such determination. After the introduction of the evidence, another amendment to the petition was filed, pleading an estoppel, but this also raised an issue at law. Because of the errors of the court in permitting other parties not interested to be made defendants, and in transferring the cause to the equity side of the calendar, and there hearing it as an action in equity, the decree is reversed, and the cause remanded for proceedings in harmony with this opinion.—REVERSED.