### BURLINGTON SAV. BANK v. CITY OF CLINTON, IOWA.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. January 5, 1901.)

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS FOR IMPROVEMENTS—CONSTITUTIONALITY OF STATUTE.

The provisions of Acts 23d Gen. Assem. Iowa, c. 14, § 10, relating to special assessments for street improvements, which require the city council to ascertain the entire cost of the improvement, and what portion of such cost may be assessable on adjacent property, and to assess

such portion upon such property "as provided by law or by ordinance of such city," is not in violation of the fourteenth amendment to the federal constitution, as requiring the assessment of the total cost of the improvement on abutting property by the front-foot rule, but confers power on the council to levy the assessment solely with reference to the benefit to the property taxed.

2. SAME—IMPROVEMENT BONDS—VALIDITY.

Bonds issued by a city to obtain the money with which to pay in the first instance for street improvements, where the city has sold such bonds for full value, and made the improvements with the proceeds, are not void merely because the method provided by statute or ordinance for assessing the cost of the improvements against abutting property is illegal.

3. SAME—SUIT ON BONDS—EFFECT OF CONSOLIDATION OF CITIES UNDER IOWA STATUTE.

Code Iowa, §§ 612–614, relating to the annexation of contiguous cities and towns, provide that the indebtedness of the respective cities existing at the date of annexation shall remain the debt of the city creating it, and make it the duty of the council of the city as it exists after annexation to provide for the payment of such indebtedness by the levy of taxes upon the property within the limits of the former city which created the debt. Section 614 further provides that "suits to enforce claims or demands existing at the time of annexation against the city or town annexed may be prosecuted or brought against the city or town to which annexation is made and judgments obtained shall be paid as hereinbefore provided." Held, that such provision does not authorize the recovery of a judgment at law against the consolidated city by such a suit, and since, in the federal courts, such a judgment must precede the issuance of a writ of mandamus, the remedy of a holder of bonds issued by a city which has since been annexed to another, and has ceased to have officers of its own on whom service can be made, where the jurisdiction of a federal court is invoked, is by a suit in equity against the city to which the annexation was made, which is, in effect, made a trustee for the bondholder, and charged with the duty of collecting the amount adjudged to be due him.

4. EQUITY PLEADING—MULTIFARIOUSNESS.

A bill is not multifarious because it seeks to enforce two series of bonds, both owned by the complainant and issued by the same city, to cover the cost of the same improvement; the only difference being that payment of one series is to be provided for by a general tax, and the other by special assessments.

5. MUNICIPAL CORPORATIONS—SUIT ON BONDS—PARTIES.

In a suit to enforce collection of improvement bonds issued by a city, which the city is required by statute to pay by means of special assessments against abutting property, the owners of such property are not necessary parties defendant.

6. JUDGMENT—RES JUDICATA—PERSONS CONCLUDED.

A decree in a suit by a property owner against a city holding that a contract for improvement of a street was illegally let, and special assessments levied to pay the cost of the improvement void, is not a bar to a subsequent suit against the city by a holder of its bonds issued to pay the cost of the improvement in the first instance, who was not a party to the first suit, and especially where the decision therein did not determine that no valid assessment could be made for the improvement.

In Equity. On demurrer to bill.

Carr & Parker and Hayes & Schuyler, for complainant.
W. J. McCoy and Ellis & Ellis, for defendant.

SHIRAS, District Judge. From the averments of the bill filed in this case it appears that under date of May 14, 1894, Lyons City, a

municipal corporation created under the laws of the state of Iowa, executed, issued, and sold to the complainant corporation 66 coupon bonds, reading as follows:

"Lyons City Improvement Bond.

"District No. 3, Series No. 2.

"Lyons City, in the state of Iowa, for value received, promise to pay the bearer, on the 15th day of May, A. D. 1901, or at any time before that date, at the pleasure of the said Lyons City, the sum of five hundred dollars, with interest thereon at the rate of six per centum per annum, payable semi-annually on the 15th day of November and the 15th day of May, on the presentation and surrender of the interest coupons hereto attached as they respectively become due. Both principal and interest of this bond are payable at the National Park Bank, New York City, under and by virtue of chapter 14 of the Acts of the 23rd, and as amended by the 24th, General Assembly of the State of Iowa, and in accordance with an ordinance passed by the city council of said city on the 14th day of June A. D. 1892, and in pursuance of resolutions of said city council passed May 31st and October 31st, 1893. This bond is one of a series of sixty-six bonds of like tenor, date, and amount, numbered 83 to 148, inclusive, and issued for the purpose of providing for the payment of the cost of certain improvements in upon and along Sixth street of said Lyons City, which cost is assessable against and payable by abutting property and street railway benefited thereby, and is made by said law a lien on said abutting property and a street railway, and payable in seven annual installments, with interest on said deferred payments at the rate of six per cent. per annum; and it is hereby certified and recited that all of the acts, conditions, and things required to be done happened and performed in regular and due form as required by law, and for the payment hereof, both principal and interest, the full faith and credit of Lyons City is hereby irrevocably pledged, in accordance with said chapter 14 of the Acts of the 23rd, as amended by the 24th, General Assembly of Iowa, and the ordinance and resolution heretofore referred to. In witness whereof, Lyons City, by its city council, has caused this bond to be signed by its mayor, sealed by the corporate seal of this city, countersigned and registered by its city clerk, this 15th day of May, A. D. 1894.

"C. L. Root, Mayor of Lyons City.

"Countersigned:
        "C. L. Root,
        "Charles F. Nagel,
        "Geo. T. Leedham,
        "Chas. I. Parker,
                "Committee on Paving.
"Countersigned and registered:
        "I. N. Manville, City Clerk."

From the recitals in the bonds it appears that they were issued in pursuance of the provisions of chapter 14 of the Acts of the 23d General Assembly of the State of Iowa, as amended by the Acts of the 24th General Assembly; and the bill contains a very full recital of the action of the city officials and council in connection with the ordering the street improvements, to pay for which the bonds were issued. It is further recited that the improvements provided for in the ordinance adopted by the city council were in fact made and completed; that the owners of the property abutting on the improvements made well knew that the work was being done, and made no objections thereto while the same was in progress, but that after the completion thereof certain of the owners of the property abutting on the street upon which the improvement was made joined in a bill in equity to restrain the city from levying a special tax for the pay-

ment of the cost of the work done, the bill being filed in the district court of Clinton county, Iowa, whence the case was carried to the supreme court, and is reported under the title of Osburn v. City of Lyons, 104 Iowa, 160, 73 N. W. 650, it being therein held that as the notice for bids for undertaking the work·fixed the time for the completion thereof as being ·November 1, 1893, but the city council subsequently by resolution changed this date to August 1, 1894, without· again advertising for bids upon the work to be done, the contract entered into between the city and the contractor was thereby rendered invalid, and the city could not impose a special tax upon the abutting owners to pay for the same under the provisions of the act of the 23d general assembly, as amended by the 24th general assembly of the state of Iowa. It is further recited in the bill that, since the rendition of the judgment and decree in the case just cited, Lyons City has not paid any portion of the bonds or coupons issued by it, there being now due thereon the sum of $9,980. It is further averred that the bonds sold to the complainant were issued in two series, one in the sum of $7,000, to cover the cost of paving the intersections of the streets and alleys, for which, under the statute, the city was primarily liable, and the other series, amounting to $33,000, to cover the cost of the improvements which, under the statute, were assessable against the owners of the abutting property and the street-railway company whose line ran along the street upon which the improvement was made. It is further averred in the bill that in the year 1895, by proceedings taken under the statutes of Iowa, Lyons City became annexed to and part of the city of Clinton, the city of Lyons then ceasing to exist as a separate municipality, and being without any city officials or separate existence; it being, however, further averred that one of the conditions of the contract of annexation is to the effect that:

"Each of said cities shall pay all of its own indebtedness and liabilities contracted or incurred prior to the time of the completion of such annexation, and neither of said cities shall be liable for or required to pay any of the indebtedness or liabilities of the other contracted or incurred prior to such time; but such indebtedness and liabilities shall remain to be paid by said Lyons City and said city of Clinton, respectively. the same as though no annexation had been made, and the necessary taxes shall be assessed and levied therefor accordingly."

In substance, the prayer for relief is that the court will determine whether a special tax can be assessed against the owners of the property abutting on the improvements for which the bonds were issued; that, if it be held that for any reason such special tax cannot be levied and enforced, then it be decreed that a general tax be ordered to be assessed and collected from the taxable property embraced within the territorial limits of Lyons City, and that the city of Clinton, through its proper officers, be required to assess, levy, and collect such tax: and that such other relief may be decreed as may be necessary to enforce the payment of the amount due upon the bonds in question.

To this bill the defendant, the city of Clinton, has interposed a demurrer on the grounds that a court of equity will not take jurisdiction, because there is a speedy and adequate remedy at law open

to complainant; that the bill is multifarious; that there is a lack of proper and necessary parties defendant, in that none of the citizens of Lyons City and none of the owners of the abutting property nor the street-railway company are made defendants; that the act of the state legislature making provision for the levy of a special tax upon the abutting property is in violation of the fourteenth amendment to the constitution of the United States; that the matters recited in the bill do not constitute any ground for an action against the city of Clinton; that the judgment and decree in the case of Osburn v. City of Lyons bars all further proceedings to enforce the levy and collection of a tax to pay the bonds sued on; and, finally, that the bill is without equity to support it.

It will probably conduce to a better understanding of the questions involved if the case be first considered as though it were pending against Lyons City, the municipality issuing the bonds in suit. Under the facts recited in the bill, it is made to appear that the bonds, in the hands of an innocent holder, are enforceable against Lyons City, the maker thereof. It cannot be questioned that the statutes of Iowa confer upon cities organized thereunder full power to issue negotiable bonds in order to raise funds to meet the expense caused by street improvements. It is, however, claimed on behalf of the defendant that the Acts of the 23d and 24th General Assembly of Iowa, under which the bonds in suit were issued, are in contravention of the fourteenth amendment to the federal constitution, and are therefore void, under the rule laid down by the supreme court in Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. In that case it was held that an ordinance of the village of Norwood, in Ohio, which provided for assessing the cost and expense of opening a street, including the compensation paid the owners for the land taken, and all other costs connected with the proceedings, per foot front, upon the property abutting on the street thus opened, was void, under the provisions of the fourteenth amendment, for the reason that under the statutes of the state of Ohio, as well as under the general principles governing special assessments, an assessment which imposes a charge upon the abutting property greater than the benefit derived from the improvement is, in effect, taking private property for a public use without making due compensation, and without proper process of law. It was not held, however, that the invalidity of the particular ordinance released the abutting property from all liability; it being stated in the opinion that:

"It should be observed that the decree did not relieve the abutting property from liability for such amount as could be properly assessed against it. Its legal effect, as we now adjudge, was only to prevent the enforcement of the particular assessment in question. It left the village, in its discretion, to take such steps as were within its power to take, either under existing statutes, or under any authority that might thereafter be conferred upon it, to make a new assessment upon the plaintiff's abutting property for so much of the expense of opening the street as was found, upon due and proper inquiry, to be equal to the special benefits accruing to the property."

The act of the 23d general assembly of Iowa under which the bonds in suit were issued does not require the assessment for street im-

106 F.—18

provements to be levied per front foot, as was the case in the ordinance of the village of Norwood. Section 10 of the act provides that:

"When any such improvement shall have been completed, it shall be the duty of the council to ascertain the entire cost of the improvement and also what portion of such cost may be assessable on adjacent property, and the portion of such cost so assessable, shall then be assessed as provided by law, or by ordinance of such city, upon the property fronting or abutting on said improvement."

This section requires the council, in the first instance, to ascertain the total cost of the particular improvement, then to ascertain the portion thereof legally chargeable upon the adjacent property, and then to assess this amount according to law upon the property abutting on the improvement. The section is therefore not open to the objection that it requires an assessment of the total cost of the improvement upon the abutting property per front foot, as was the fact in Norwood v. Baker, supra. It requires the council to ascertain the portion of the cost legally chargeable to the abutting property, and then directs that the adjacent property shall be assessed for the amount thus ascertained to be legally assessable against it; and under the provisions of this section, and the succeeding one, the council is clothed with ample power to levy the assessment with reference to the benefit received, after giving due notice to the property owners, and with full opportunity to the taxpayers to be heard upon the matter of the assessment proposed. It cannot, therefore, be held that the act in question is a violation of the fourteenth amendment to the federal constitution, under the rule recognized in Norwood v. Baker. Furthermore, even if it were true that the method of assessment provided for in the act came within the forbidden rule of assessing the abutting property by the front foot, without regard to the benefits accruing thereto, it would not follow that the bonds issued to raise the money for the payment of the improvement in the first instance would be thereby rendered void. The improvement has been in fact made, and the city has received from the purchaser of the bonds the full value thereof. All that is held in Norwood v. Baker is that the mode of assessment provided for in the particular ordinance of the village was invalid and unconstitutional, but it is therein expressly held that the village might in some other legal way make an assessment to meet the expense of the improvement in question; and it is clear that the court would not be justified in holding that Lyons City was absolved from all liability for the money it received from complainant simply because it is required to levy the assessment needed to raise the funds to pay the bonds in such a method as will not impose an unjust burden on the owners of the abutting property, especially in view of the fact that chapter 29 of the Acts of the 28th General Assembly provides that special assessment levied for any public improvement shall be in proportion to the special benefits conferred on the property thereby. So far, therefore, as the facts are shown in the averments of the bill, there is nothing therein shown which justifies the contention of defendant that the bonds sued on are invalid and nonenforceable.

The next matter for consideration is the question of the relation held by the city of Clinton to the subject-matter, in view of the annexation of Lyons City under the provisions of the Code of Iowa governing consolidations of this character. Sections 612, 613, and 614 are the portions of the Code of Iowa which provide for the annexation of contiguous cities and towns; and in the latter section it is declared that the indebtedness of the respective cities existing at the date of annexation shall remain the debt of the city creating it, it being further enacted that:

"The indebtedness of the city or town annexed shall be paid by such city or town, and the council of the city, as it exists after annexation, is authorized, and it is made its duty, to provide for the payment of such indebtedness by the levy of taxes upon the property subject to taxation within the limits of such city or town so annexed, and to continue such tax from year to year so long as the same shall be necessary. * * * Suits to enforce claims or demands existing at the time of annexation against the city or town annexed may be prosecuted or brought against the city or town to which annexation is made, and judgments obtained shall be paid as hereinbefore provided for the payment of the indebtedness of such annexed city or town."

As it is averred in the bill that Lyons City has been lawfully annexed to the city of Clinton under these provisions of the Code, and that Lyons City has ceased to act as a municipality, and that there are no officers acting for the same, it is clear that the suit to enforce the collection of the sums due on the bonds issued by Lyons City is properly brought against the city of Clinton.

It is contended in support of the demurrer that this suit, being in equity, cannot be maintained, for the reason that there is a speedy and adequate remedy at law open to complainant; the theory of defendant being that the complainant can obtain a judgment at law for the amount due, and then by mandamus can enforce the levy of a tax to provide for the payment thereof. Counsel for defendant do not make plain any method by which proper and sufficient service of notice of an action at law can be had upon Lyons City, and, in cases wherein the statutes of the state provide for a method for bringing suits to enforce claims against municipal corporations that have ceased to exercise their original functions, courts will not attempt to substitute methods of their own devising. In argument of counsel much stress is laid upon the power of the court to compel the levy of a tax by the process of mandamus. It is well settled that the circuit courts of the United States have not the power to issue writs of mandamus as an independent mode of procedure. The writ issues only in aid of a pre-existing jurisdiction. Bath County v. Amy, 13 Wall. 244, 20 L. Ed. 539. To confer the right to issue the writ of mandamus against Lyons City, it is a prerequisite that the complainant should have a judgment at law establishing the amount due thereon, and, as already said, the method by which a legal service could be had in an action at law is certainly not made plain. Moreover, the duty and obligation to levy the taxes necessary to meet the indebtedness of Lyons City is now imposed upon the city of Clinton, but the issuance of a writ of mandamus to the city of Clinton is not within the power of the court, except

in aid of an action in which the court has acquired jurisdiction over the city of Clinton. To set in motion the taxing power conferred by section 614 of the Code of Iowa by means of a writ of mandamus from this court, it is necessary that the court should first render a judgment at law against the city of Clinton, and I do not believe that such a judgment is provided for in section 614. In the federal courts it seems clear that the rights created by this section can be worked out only through a proceeding in equity. This section does not impose upon the city of Clinton a legal liability for the indebtedness owing by Lyons City, which would authorize the court to render a judgment at law against the city of Clinton for the amount thereof. The section does confer upon the city of Clinton the power and duty to impose the taxes necessary to meet the obligations of Lyons City upon the taxable property within the limits of the latter city. By this provision of the section the city of Clinton is created a trustee, and charged with the performance of certain duties to the creditors of Lyons City. The rights thus created in favor of the creditors of Lyons City by the state statute are enforceable in the courts of the United States, but the method or mode of enforcement is governed by the rules of federal procedure, and there is no legal remedy of such a sufficient character as to preclude invoking the aid of a court of equity. Furthermore, even though it were true that a legal remedy did exist, that would not defeat the right to invoke the jurisdiction in equity, provided it be the fact that the relation held by the city of Clinton in the matter of imposing taxes to meet the indebtedness of Lyons City is that of a trustee. In such case the legal and equitable remedies would be concurrent, and either could be availed of by complainant. Townsend v. Vanderwerker, 160 U. S. 171, 16 Sup. Ct. 258, 40 L. Ed. 383.

It is also urged in support of the demurrer that the bill is multifarious, in that relief is sought upon two series of bonds; the one having been issued to cover the amount for which Lyons City was primarily liable, and the other series for the amount for which a special assessment could be levied upon the adjacent property. Both series of bonds were issued to raise means to pay for improvements upon one street, and they are so connected together that no reason is perceived why a remedy on both series may not be properly sought in the one suit. The case comes within the rule announced by the supreme court in United States v. American Bell Tel. Co., 128 U. S. 315, 352, 9 Sup. Ct. 90, 32 L. Ed. 450, wherein it is said:

"The principle of multifariousness is one very largely of convenience, and is more often applied where two parties are attempted to be brought together by a bill in chancery, who have no common interest in the litigation, whereby one party is compelled to join in the expense and trouble of a suit in which he and his co-defendant have no common interest, or in which one party is joined as complainant with another party, with whom, in like manner, he either has no common interest at all, or no such interest as requires the defendant to litigate it in the same action. * * * So, also, there is no such diversity of the subject-matter embraced in the assault on the two patents that they cannot be conveniently considered together; and, although it may be possible than one patent may be sustained and the other may not, yet it is competent for the court to make a decree in conformity with such

finding. It seems to us in every way appropriate that the question of the validity of the two patents should be considered together."

In this case there is but the one defendant, and the ultimate question touching the duty imposed upon the city of Clinton with respect to the debts of Lyons City is the same with respect to both series of bonds, and no reason is perceived why the questions arising with respect to each series may not be disposed of in the one suit, thus avoiding the cost of an additional suit.

It is also contended that the suit is defective for want of indispensable parties, it being claimed that the owners of the property upon which the tax must be assessed are entitled to be heard. If it was the purpose of the court to levy a tax by virtue of the decree to be rendered, there might be some force in the suggestion, but that is not contemplated. If in the further progress of the case it should be determined that the bonds represent an enforceable indebtedness against Lyons City, and that by reason of the annexation to the city of Clinton the latter city is now charged with the duty of levying a tax, either general or special, upon the property within the limits of Lyons City, the court will enforce this obligation on the part of the city of Clinton; but the assessment and levy of the tax will be made by the city officials, and each property owner will have the usual opportunity afforded him for correcting any illegalities in the assessment, and therefore it is not requisite, in order to grant the relief sought by the bill in this case, that the property owners in Lyons City should be made parties defendant.

The last ground of demurrer is that the complainant has set forth in the bill the adjudication in the case of Osburn v. City of Lyons, supra, and that this adjudication bars any recovery on the bonds issued for the improvement in question. The complainant was not made a party to that suit, nor were the rights of the bondholders passed upon in that litigation, so that there is no ground for holding that the adjudication in that case is binding upon complainant. Furthermore, in the opinion handed down by the supreme court of Iowa overruling a petition for rehearing in the case, it is expressly stated that the decree rendered in that case is not to be construed to determine the liability of the plaintiffs or their property for the improvements, except so far as the same is based on the contract and assessment set up in the petition. Osborn v. City of Lyons (Iowa) 75 N. W. 672. Whatever effect upon the rights of the complainant the ruling in this case may have,—a question that can be better considered upon the final hearing in the case,—it is certainly clear that it is not a bar to the present suit, and the demurrer cannot be sustained on this ground.

It is not to be denied that the questions arising under the state of facts recited in the bill herein filed are of gravity and not easy of solution, and the court is not disposed to undertake consideration thereof until the facts are fully presented.

Some criticism, and justly, is made touching the general frame of the bill, in that it contains recitals at length of matters which pertain to the field of evidence, rather than to that of pleading. It

is true that under equity rule 21 it is open to complainant to state in the bill such matters of defense as he may deem advisable, in order to plead the facts in avoidance; yet under rule 26 the bill must be expressed as briefly as possible, and must not contain unnecessary recitals in full of deeds, contracts, and the like. It seems unnecessary to recite at length the several ordinances of the city, and the bill in this and other particulars can be shortened; and to that end leave is granted to complainant to file an amended bill, with leave to defendant to file an answer thereto in 30 days after receipt of copy of the bill as amended.