MARGARET F. KLINKNER, Appellant, v. JOHN SCHMIDT.

| 114 | 695 |
|-----|-----|
| 119 | 111 |
| e119 | 112 |
| 119 | 168 |
| 119 | 259 |
| 114 | 695 |
| 121 | 616, |
| 114 | 695 |
| 127 | 175 |
| 114 | 095 |
| 134 | 443 |
| f134 | 484 |
| 114 | 695 |
| 139 | 394 |
| 141 | 104 |

**Boundaries: EVIDENCE:** *General repute.* Where plaintiff established title to a lot of certain width on the eastern side of a
1    block bounded by a street, and claimed that defendant occupied a part of the western portion of her lot, evidence of general repute as to the boundary of the street was admissible to show the east line of plaintiff's lot.

**ADVERSE POSSESSION:** *Building with reference to line.* Where plaintiff and defendant each constructed buildings with respect to a line regarded by them as the boundary between their
2    lots, such action was a claim on the one hand, and an acquiescence therein on the other, that such line was the boundary, so that possession beyond the true line was adverse.

*Burden of proof.* In an action to recover possession of land, where
3    plaintiff's assertion of title is controverted by defendant, the burden of proof is on plaintiff.

**Unauthorized Sealed Verdict: RECALL OF JURY:** *Request for.* Where a jury returned a sealed verdict without consent of the parties

or leave of the court, the refusal of the court to call them back to return a verdict in the ordinary way cannot be complained of, when there was no request to have them recalled and polled.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-NELL, Judge.

### THURSDAY, OCTOBER 17, 1901.

ACTION to recover possession of part of lot 12 in block 1 in West Cascade, Dubuque county. Defendant denies the title of plaintiff, and in a cross-petition asserts title by adverse possession, and long-continued acquiescence by plaintiff and her grantors in the boundary line up to which defendant has occupied. After the action was commenced, defendant Schmidt died, and his administrator was substituted; but the case will be treated as though Schmidt were defendant throughout. Verdict for defendant. Plaintiff appeals.—*Affirmed.*

*William Graham, D. E. Lyon* and *Horatio B. Smith* for appellant.

*Henderson, Hurd & Kiesel* for appellee.

McCLAIN, J.—Lot 12 of block 1 in West Cascade has, according to the plat, a south frontage of 60 feet. Plaintiff established title by conveyance to the east 35 feet of said lot, and contended that defendant had been in the occupancy of a strip about 14 feet wide not included in the portion of the lot to which defendant had title, but forming a part of the east 35 feet owned by plaintiff. It may assist in the full understanding of this controversy to say that the south half of block 1 consists of lots 8 to 12, inclusive, numbered from the west to the east, each having a frontage on the street of 60 feet, except lot 8, which has a smaller frontage; that lots 9, 10, 11, and 12 are occupied by buildings used for business purposes, and without any vacant spaces between them; and that, if these buildings were all located

on the lots or parts of lots to which their owners claim title, there would be no occasion for this controversy, but in consequence of a recent survey it is claimed by the town authorities that plaintiff's building projects beyond the east line of lot 12 to the extent of about 16 feet, and that there is a corresponding mistake in the location of the true line between the west 25 and the east 35 feet of the said lot 12. An attempt was made on a former trial of the case to bring in the owners of the lots to the west, and have an adjudication of the boundary lines of all these owners, but this attempt failed. See 106 Iowa, 70. The present trial relates entirely to the controversy between plaintiff and defendant. We are inclined to think, however, that evidence as to the discrepancies in boundary lines which have been long recognized, and which are in harmony with defendant's claim of title, may well be taken into account. The first town plat was filed 60 years ago. The streets have been recognized as public highways ever since, and certainly evidence of general repute as to the location of the boundaries of these streets is admissible. *McAnich v. Hulse,* 113 Iowa, 58. The evidence based on public repute is conflicting. There is some evidence that the west line of the street to the east of block 1 corresponds to the present location of plaintiff's building, and tends to show that it does not project into the street. If so, the claim of plaintiff to the strip in controversy between her and defendant is not well grounded. On the other hand, measurements from the line of the street west of the block support plaintiff's claim, and tend to show that the owners of lots 9, 10, and 11, as well as defendant, have been in occupancy of portions of their neighbors' lots to the east. It is proper to say, also, without elaboration of detail, that the plat which includes block 1 is indefinite as to the width of the street east of the block. Under these circumstances, we think the case to be a proper one for the application of the doctrine announced in *Katz v. Kaiser,* 154 N. Y. 294 (48 N. E. Rep. 532), of which we approve,

that "a practical location of the boundaries which has been acquiesced in for a long series of years will not be disturbed." And see *City of Racine v. Emerson,* 85 Wis. 80 (55 N. W. Rep. 177, 39 Am. St. Rep. 819); *Same v. J. I. Case Plow Co.,* 56 Wis. 539; *Koenigs v. Jung,* 73 Wis. 178 (40 N. W. Rep. 181). Under this doctrine, there was a conflict in the evidence, for the jury to determine.

The court instructed the jury, however,—and we think correctly,—on the theory of adverse possession; and appellant's principal contention is that there was no evidence on which such claim on the part of defendant could be based. Counsel relies greatly on a series of decisions of this court to the effect that one claiming title to certain described premises acquires no title by adverse possession beyond his true boundary line. *Skinner v. Crawford,* 54 Iowa, 119; *Grube v. Wells,* 34 Iowa, 148; *Goldsborough v. Pidduck,* 87 Iowa, 599; *Wacha v. Brown,* 78 Iowa, 432; *Bolton v. McShane,* 79 Iowa, 26; *Mills v. Penny,* 74 Iowa, 172. Without questioning the correctness of this rule, we find another rule well established in the decisions of this court and elsewhere, to the effect that occupancy to a boundary line recognized by express or implied agreement of adjoining owners may be adverse, and may ripen into title, even though it does not coincide with the true boundary. This proposition has recently been so elaborated in the case of *Miller v. Mills County,* 111 Iowa, 654, that an extended discussion of it is unnecessary. That decision is grounded on a series of decisions in this court, supported by many cases in the courts of other states, recognizing the occupation to a boundary line acquiesced in by the parties as being founded on a claim of right, regardless of whether the boundary by acquiescence is the true boundary. In addition to the case of *Miller v. Mills County, supra,* see *Axmear v. Richards,* 112 Iowa, 657; *Kulas v. McHugh,* 114 Iowa, 188; *Sheets v. Sweeney,* 136 Ill. 336 (26 N. E. Rep. 648); *Fisher v. Bennehoff,* 121 Ill. 426 (13 N. E.

Rep. 150). We apprehend the distinction between the doc-
trine of the cases which deny efficacy to an occupancy founded
on mistake, and those which recognize occupancy to a line
established by acquiescence, to be this: that in the one case
the assertion of title is presumed to be limited to the prem-
ises covered by the grant under which possession is claimed,
while in the other case there is a wholly independent basis
for the assertion of title, to wit, acquiescence of the adjoin-
ing owner. This distinction is fully recognized in *Hitchings
v. Morrison,* 72 Me. 331, which is a pertinent case, for the
reason that in that state, as in this, the doctrine that there
cannot be adverse possession founded on mistake alone is
well settled. See, also, *Sherman v. Kane,* 86 N. Y. 58, 73.
This acquiescence is not to be presumed from the mere fact
of notorious possession by the adverse claimant to a line
which he himself has established. It must be shown by proof
of an express agreement, or of facts from which an agree-
ment may be implied. When shown, it may be considered
as an admission of title, or as an agreement in settlement
of the controversy between the parties, or as the basis of an
estoppel, or, as in this case, the foundation of a claim of
right, which, followed by possession for 10 years, will ripen
into title. There can be no doubt, under the evidence in
this case, that for more than 10 years prior to the commence-
ment of this action defendant and his grantors had, by erec-
tion of buildings up to the line now relied on, asserted the
claim that that line was the boundary line of the premises
claimed by them, and that plaintiff and her grantors, by
likewise constructing buildings with reference to the same
line, had also for more than 10 years acquiesced in it as the
true boundary line. We have not overlooked the evidence
as to a recent alteration of this boundary line for the purpose
of correcting a supposed error to the extent of some two feet
in the true location, by which defendant conceded two feet
to plaintiff; but, as to the balance of the strip between what
is claimed to be the original true boundary line and the line

now fixed by agreement, defendant's occupancy under his own possession and that of his grantors has been adverse for more than 10 years.

We find no merit in the complaint made as to the instruction which directed the jury that the burden of proof was on plaintiff. Her assertion of title to the strip in question was controverted by defendant.

Nor is there any merit in the assignment as to misconduct of the jury in returning a sealed verdict without previous consent of the parties or leave of court. From the record it appears that the court may well have understood that the parties mutually agreed that a sealed verdict might be returned, and, if so, no prejudicial error was committed in receiving such verdict, although the jury had not specifically been told by the court that such verdict might be returned. Appellant did not ask to have the jury recalled for the purpose of polling them, and cannot complain of the refusal of the court to call them back to return a verdict in the ordinary way. *Walker v. Dailey,* 87 Iowa, 375.—AFFIRMED.