J. C. Axmear v. A. J. Richards, Appellant.

·Highways:  ADVERSE POSSESSION:  *Injunctions.*  Where a land-
owner erects a fence on what he supposes to be the correct
line of a highway, and remains in peaceable possession of
the enclosed land for thirty years, he acquires title by adverse
possession to such line, as against the county, and may enjoin
an interference with the fence by the road supervisor, who
claims that it encloses ·a portion of the highway.

*Appeal from Keokuk District Court.*—Hon. Ben McCoy,
Judge.

Saturday, December 22, 1900.

Defendant is a road supervisor, and this action is in
·equity to restrain him from removing ,,or interfering with
.a fence on plaintiff's land along the line of a highway. There
was a decree for plaintiff, and defendant appeals.—*Affirmed.*

*F. L. Goeldner* for appellant.

*C. H. Mackey* for appellee.

Waterman, J.—Defendant attempts to sustain his right
to remove the fence on the ground that it incloses a portion
·of the highway. The record of the original survey of this
road is missing. There is no evidence, save a presumption
·as to how wide it was laid out, and none as to its actual
boundaries, other than the conflicting recollections of wit-
nesses. There is some evidence to warrant the conclusion
that plaintiff's fence stands on the line of the highway as it
was first established. But, if this is not so, the decree may
be sustained on another ground. Plaintiff might, under cer-
tain circumstances, obtain a title by adverse possession as

against the county. *City of Davenport v. Boyd,* 109 Iowa, 248, and cases cited.

We will not review the facts in detail. Plaintiff's fence was built on the line where it now stands more than 30 years ago, and in no way, until defendant threatened action, has his right to maintain it been legally questioned. It is true witnesses testify to there being complaints by different persons of late years that a part of the road was inclosed, but no steps for the removal of the fence were ever taken. When plaintiff's fence was first placed on this line by his grantor, it was done in the belief that the line was the true one, and such action was acquisced in by the public. While possession of an adjoining owner's land by mistake and without intent to assert title thereto is not adverse (*Wacha v. Brown,* 78 Iowa, 432, and cases cited), yet acquiescence in a certain line, with possession up to it, for a period of 10 years, is conclusive evidence of an agreement on it as the true line, and will bind the parties concerned. *Miller v. Mills County,* 111 Iowa. 654. Under the law as announced in that case, plaintiff's title to the land inclosed is set at rest in him, and the decree of the trial court will therefore be AFFIRMED.

# REPORTS

OF

## CASES AT LAW AND IN EQUITY

DETERMINED BY THE

# SUPREME COURT

OF

# THE STATE OF IOWA

AT

# DES MOINES, JANUARY TERM, A. D. 1901.

AND IN THE FIFTY-FIFTH YEAR OF THE STATE.