ALBERT J. KULAS *et al.* v. JAMES McHUGH, CATHERINE AND MAMIE (MARY T.) McHUGH, Appellants.

**Boundaries:** MAINTENANCE OF DIVISION FENCE: *Implied agreement.* Where a division fence between adjoining owners has stood for over ten years, each party claiming to own up to it, an agreement to make it the true boundary will be implied.

*Appeal from Dubuque District Court.*—HON. FRED O'DONˠ NELL, Judge.

THURSDAY, MAY 23, 1901.

THIS action in equity was begun by plaintiffs to enjoin a threatened trespass upon real estate. Defendants set up a claim of ownership of the tract in controversy, and by cross bill seek to quiet their title. Plaintiffs had a decree, and defendants appeal.—*Affirmed.*

*Henderson, Hurd, Lenehan & Keisel* for appellants.

*McCarthy & Kenline* for appellee.

WATERMAN, J.—Plaintiffs, who are husband and wife, own and occupy a lot, described in their deed as lot 6 in Hodgson's subdivision, in Dubuque. They purchased of defendant Catherine McHugh, who, with her husband, James McHugh, occupied and made conveyance thereof, in August, 1883. At the time of this conveyance the north five feet of lot 5 in said subdivision, which is the ground in controversy, was inclosed by fence with lot 6, and the whole of the tract so included within the fences was taken possession of by plaintiff, and improved and held by them down to the time this action was brought. Mary T. McHugh, the daughter of Catherine and James McHugh, is now the owner of lot 5, and has been since the year 1888. Lot 5 was originally purchased by James McHugh in June, 1883, he taking a bond

for a deed.   In 1886 a dwelling was built thereon, which is
now occupied by defendants.   The conveyance under the
bond was made at the instance of James McHugh to his
daughter, she paying the purchase price.   There is a claim
of estoppel made by plaintiffs, based on the fact that Cather-
ine McHugh represented lot 6 as including all the ground in-
closed.   But, as we rest our decision on another ground, we
need not go into that matter.   There was a division fence
between these parties, which had stood for more than ten
years prior to the controversy.   Each party claimed to own
up to this fence, and improved their respective lots accord-
ingly.   In *Miller v. Mills County,* 111 Iowa, 654, after a
careful review of the prior decisions of this court, it was held
that, where a division line between adjoining owners has been
acquiesced in by them for a period of 10 years, an agree-
ment to make it the true boundary will be implied, and
neither may be ordinarily heard to dispute it.   See, also,
*Axmear v. Richards,* 112 Iowa, 657.   Under the holdings
in these cases, plaintiffs' title to the strip in question had
vested, and the judgment of the district court was therefore
correct.—AFFIRMED.