MARY R. LAWRENCE, Appellant, v. T. WASHBURN, Appellee.

**Boundary Lines:** ERECTION OF FENCE: ACQUIESCENCE: LIMITATION. Where a division line has been definitely marked by the erection of a fence, which has been recognized by the adjoining owners as the division line in the cultivation of the land and maintenance of the fence for more than ten years, such line so established is the division line between the tracts.

*Appeal from Jones District Court.*—HON. H. M. REMLEY, Judge.

THURSDAY, JANUARY 22, 1903.

ACTION to recover possession of a strip of land along the boundary line between the farms of plaintiff and defendant. Judgment for defendant and plaintiff appeals. —*Affirmed.*

*Welch & Welch* for appellant.

*F. O. Ellison* for appellee.

WEAVER, J.—This controversy is over the location of the division line between adjoining tracts of land owned by the respective parties. These lands have been occupied and used for thirty years or more by the plaintiff and defendants and their respective grantors. During all this time there has been maintained between the tracts a division fence, in the location of which no material change has been made. The deeds by which titles to these lands have been conveyed have described them as tracts of forty acres, according to the government survey. Shortly before the commencement of this suit, plaintiff caused her land to be surveyed by the county surveyor who so established the

line as to indicate that the true boundary is from seventy-five to eighty feet east of the fence, and upon the inclosure occupied by the defendant. The testimony offered by plaintiff further tends to show that prior to the building of the fence in question the parties owning the lands immediately north of the tracts involved in this suit constructed a division fence under some agreement by which its location was subject to a future survey, and that thereafter the owners of lands on either side of the line now in controversy, taking the fence thus constructed as a guide, proceeded to locate and build the fence which plaintiff seeks to have removed to the line established by the county surveyor, but there is nothing tending to show that the builders of this fence regarded such location as temporary only. It is not denied that the fence was built more than ten years before the beginning of this suit, and, while it had become more or less dilapidated, both parties during all this period gave it practical recognition by making repairs upon it, and by occupying, cultivating, and using their respective holdings up to the line thus indicated, without objection from either side. Plaintiff also admits that defendant has at all times claimed to own the land to the fence.

The appellant, in argument, concedes that if the rule of *Miller v. Mills Co.*, 111 Iowa, 654, is to be applied in this case, then the judgment of the district court should be affirmed; but it is contended that unless the doctrine recognized in *Grube v. Wells*, 34 Iowa, 148, is to be overruled, then there should be a reversal. Taking this concession as a starting point, let us first note the facts in the *Miller Case*. The line there in question, like the one we now have under consideration, was not a line of the government survey, and could be accurately determined only by a subdivision of the government section. A boundary line was staked out by the parties (but whether by measurement from a government corner is not shown),

and a fence and hedge set upon the line thus indicated. The parties kept up this fence and hedge, occupied the land up to the same on either side, observing it as the limit of their respective possessions, for at least twenty years, when a survey was made, indicating that the line which had been thus recognized was not correct when tested by the original government measurements. Upon these facts, we held that the line which had been adopted and recognized by the parties for so long a period must be regarded, as between them, the true line. We are unable to discover any material or controlling distinction between the facts thus collated and those presented by the present appeal.

Neither are we prepared to abandon the rule of the *Miller Case.* By reference to that decision, it will be seen that the authorities were there very fully considered and discussed, and we think it was fairly demonstrated that the prevailing and better rule is that, "in the absence of other controlling circumstances, the inference is conclusive that the division line between adjoining tracts, definitely marked by the erection and maintenance of a fence or other monuments, recognized by the owners as such, and up to which they have occupied and cultivated land on either side more than ten years,—the statutory period of limitations,—is the true boundary line." The same principle has since been distinctly reaffirmed in *Klinkner v. Schmidt,* 114 Iowa, 695; *Kulas v. McHugh,* 114 Iowa, 188; *Axmear v. Richards,* 112 Iowa, 657. This does not operate to overrule or deny the correctness of *Grube v. Wells,* or any thing which was necessarily involved in that decision. The point there decided, as interpreted by us in the *Miller Case,* is simply that where a party enters upon and holds the disputed strip "by mistake, with no intention of asserting title thereto in the event it should prove to be a part of the adjoining owner's land, such possession is not, in a legal sense, adverse." In other words,

if it be shown by his own admission or otherwise that a claimant's possession has been tentative only, with no intention of asserting title to anything outside of the particular fractional part of a section described in his deed, as the same may be determined by proper measurement according to the government survey, then he is in no position to complain if, upon such measurement being made, he is limited to the lines thus ascertained, for he receives not only all his deed describes, but all he has claimed.

It must be conceded, however, that there is language used arguendo by the writer of the opinion in *Grube v. Wells* which seems to go further than this, and to ignore the acquiescence of adjoining owners in a given boundary; and, in so far as such argument may be found inconsistent with the doctrine of the *Miller Case* and the *Klinkner Case*, it is not to be regarded as authority. It should not be overlooked, also, that since the decision in the *Grube Case* the legislature, by an enactment now embodied in chapter five, title twenty-one, of the Code, relating to the settlement of disputed boundaries, has expressly approved the doctrine here announced, by providing for the establishment of lines "which have been recognized and acquiesced in by the parties or their grantors for ten consecutive years."

These considerations dispose of the only questions raised by the appeal, and the judgment below is AFFIRMED.