JAMES O'CALLAGHAN, Appellant, v. J. D. WHISENAND.

**Boundary Line:** ESTABLISHMENT BY ACQUIESCENCE. Acquiescence in a marked boundary line is some evidence that it is the true line, and though possession up to such line was originally taken by mistake, yet acquiesence therein as the true boundary for the statutory period will result in its establishment under the doctrine of adverse possession.

**Same:** CONSTRUCTION OF BUILDING ALONG PORTION OF LINE. Where a boundary line is conceded to be a straight line, the construction of a building along a portion of its distance amounts to a recognition of the entire line and a claim to all the land bounded by it.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

TUESDAY, FEBRUARY 10, 1903.

ACTION for possession of land. Verdict for defendant. From the judgment in defendant's favor, plaintiff appeals. —*Affirmed.*

*Mackenzie & Ryan* for appellant.

*I. M. Earle* and *Cummins, Hewitt & Wright* for appellee.

McClain, J.—Plaintiff and defendant respectively are the owners of adjoining business lots in the city of Des Moines, and the controversy between them is as to a strip of land extending the entire length of their common boundary, one and three-fourths inches wide at one end and three and three-eighths inches wide at the other. The difficulty grows out of conflicting surveys. Without going into the evidence in detail, it is sufficient to say that it tends to show the following state of facts: Defendant's remote grantor, one Bird, in 1873 erected a permanent brick building on his lot, which adjoins plaintiff's lot on the west, and before doing so procured a survey to be made by one Pelton, then city engineer, and located his wall in accordance with such survey so that the eastern line of the wall would correspond with the supposed boundary line between the two lots. In 1880 defendant became the owner of the lot on the eastern side of this boundary, and about 1885 consulted said Bird with reference to the boundary line, and being advised by the latter that the eastern line of his wall was on the boundary, plaintiff made improvements with reference to such boundary line. In 1890 plaintiff contemplating the erection of a new building on his lot, employed one Lambert, then assistant city engineer, to make another survey, and acording to Lambert it was ascertained that the boundary line was further west than the east line of the building on defendant's lot to the extent of the strip of land already described.

It would, perhaps, be enough to say, in answer to the contention of plaintiff, as appellant, that the question of what is the correct boundary was for the jury, and that the verdict is conclusive as to this question of fact. But

counsel argue the case fully with reference to rights acquired by adverse possession or acquiescence, and we shall determine the case on the questions thus presented. The contention of plaintiff is that defendant and his grantors were in possession of the strip of land in question by mistake, supposing it to be a part of the lot now claimed by defendant, whereas in fact the strip was no part of that lot; and in support of this contention the case of *Grube v. Wells*, 34 Iowa, 148, is relied on. For defendant it is contended that both lots had been used and occupied by their respective owners for more than ten years prior to the institution of this suit with reference to and with complete acquiescence in the boundary line as it was then supposed by both parties to be correctly located, and that plaintiff cannot now question the correctness of this line.

Whatever may have been the uncertainty as to the rule in this state on the subject prior to the decision in the case of *Miller v. Mills County*, 111 Iowa, 654, that case has established the law on this question, and has been since its decision consistently followed by this court in numerous cases, which need not be here cited. The doctrine of that case is that "acquiescence in a marked line as forming the boundary furnishes some evidence that it is the true line," and that, although possession to such line was originally taken by mistake, yet acquiescence in such line by the adjoining owners as the true boundary line for the statutory period will result in the establishment of the line under the doctrine of adverse possession. See, also, *Lawrence v. Washburn*, 119 Iowa 109. The case before us furnishes an excellent example of the wisdom of the rule thus announced. It would be intolerable if, after permanent buildings have been erected according to a line which both parties claimed to be their common boundary, one of them could, by procuring a new

1. BOUNDARY line: establishment by acquiescence.

survey, and establishing some inaccuracy in the survey in accordance with which the recognized boundary was established, require the other to remove his permanent buildings in order to give the first some small portion of land to which he finds himself entitled in accordance with such new survey. As property becomes more valuable, and surveys are more accurately made, many discrepancies in well-recognized boundary lines may be discovered; and it would certainly be contrary to public policy to require at intervals the entire readjustment of such lines.

Counsel urge that plaintiff relied on the representations of Bird as to the boundary line; but he had no right to do so. If he intended to question the correctness of the location of the line he should have acted within ten years after he knew that Bird was claiming and exercising the right of possession to that line. Even though the original occupancy on the part of Bird was by mistake, yet from the time that he definitely fixed upon this line as his boundary line, and asserted the right to possession with reference thereto, his occupancy was up to that particular line, and not up to some imaginary line, which might afterwards by survey be established as the correct line according to the original survey and plat. In other words, his possession was not from that time on by reason of any mistake, but by reason of the contention that that was his boundary.

It is further contended for plaintiff, however, that the permanent building erected by Bird on what he believed to be his eastern boundary line did not extend the entire 2. SAME: construction of building along portion of line. length of the boundary, and that as to the line beyond the building there has been no such adverse possession or acquiescence as to conclude the plaintiff. We see no merit in this controversy. It is clear that the boundary line was supposed to be a straight line, and that it was established by the wall of the permanent building as effectually as though the

building had extended the entire length of the line.
There is no contention that there should be any jog or
offset in the boundary between the two lots. When Bird's
building was constructed on the boundary line as he
claimed it to be for a considerable distance, he was assert-
ing right of possession to that straight line as effectually
as though his building had covered the entire depth
of his lot.

The judgment of the lower court is AFFIRMED.