P. RATTRAY, Appellant, v. H. G. TALCOTT, and W. L. SPEN-CER.

**Boundaries:** ACQUIESCENCE. Where adjacent landowners acquiesce in 1 and occupy up to a defined boundary line for a period of ten years, they are thereafter concluded from questioning its correctness.

**Transfer to equity:** PREJUDICIAL ERROR. Error in transferring an 2 action for the recovery of real property, to the equity docket, was not prejudicial, where the court arrived at the only conclusion which could have been reached under the evidence, if tried as a law action.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

TUESDAY, JUNE 14, 1904.

ACTION to recover possession of the south six feet of the north fifteen feet of lot three in Harger's subdivision of a tract of land included in the corporate limits of the city of Des Moines. The defendant interposed an equitable defense, and the case was, against plaintiff's objection, transferred to

the equity docket, and on the trial a decree was rendered for the defendant.   Plaintiff appeals.— *Affirmed.*

*Bowen & Brockett,* for appellant.

*George H. Lewis,* for appellees.

McCLAIN, J.— Plaintiff is the owner of the lot north of the fifteen-foot strip in question, and of that strip, so far as his title is not in question in this proceeding; and defendant is the owner of the balance of lot three, with the exception of a strip along the south side, which is not in any way involved in the present controversy.   It appears that in 1876 one Jack, then the owner of lot three, conveyed to the then owner of the lot north fifteen feet off the north side of lot three, and that at that time, or soon afterward, there was a house on lot three, which extended substantially six feet north of the south line of that strip, and a fence apparently indicating the north boundary line of the portion of lot three retained by Jack, and subsequently conveyed to the remote grantor of defendant, Talcott.   There is no question that for more than ten years before any controversy arose as to the boundary line between the fifteen-foot strip of lot three, owned in connection with the lot north, and conveyed with it in successive conveyances, this fence apparently indicated the boundary between this fifteen-foot strip and the balance of lot three.   The property north was actually occupied up to this boundary fence by plaintiff and his grantors, and the balance of lot three was actually occupied up to the fence by defendant and his grantors.   The controversy in this case arises out of the contention on behalf of plaintiff that the line indicated by the fence in question is six feet further north than the true line between the fifteen-foot strip and the balance of lot three, as established by a recent survey.   It is to be borne in mind that the line as thus established runs through defendant's house, and that, if it is established as the true boundary line, a portion of defendant's house will be on plaintiff's property.

Counsel for appellant contends that his is a case of occupancy by mistake, and that, by reason of such mistake, adverse possession for ten years has not barred plaintiff's rights;

**1. BOUNDARIES: acquiescence.** and they rely on the line of cases, commencing with *Grube v. Wells*, 34 Iowa, 148, in which occupancy by mistake has been held not to ripen into title by adverse possession. Counsel for appellee relies upon *Miller v. Mills County*, 111 Iowa, 654, and many cases following it, in which it is held that by acquiescence in a line assumed to be the boundary line, and by occupancy up to such boundary line, the parties are concluded, and cannot afterwards question the correctness of such boundary. We think that the doctrine recognized in *Miller v. Mills County* is the one applicable to this case. There is no doubt left in our minds, after reading the evidence as presented in the record, that the parties on each side of the line made by the fence acquiesced for more than ten years in the fence as indicating the true boundary, and that improvements were made by the defendant's grantor, with knowledge of plaintiff's grantor that the line indicated by this fence was relied upon by defendant's grantor as being the true division line. Counsel for appellant urges that this court has not made clear the distinction between the two classes of cases, but, if that distinction has not already been made sufficiently plain in the numerous decisions in which the question has been considered, the writer of this opinion would hesitate to undertake to make it clear. It is sufficient to say that we reach the conclusion that under the rule announced in *Miller v. Mills County,* and the cases following it, the decree of the lower court quieting title to the defendant in the south six feet of the north fifteen feet of lot three (that is, in the portion of the fifteen-foot strip south of the line indicated by the fence) is correct.

It is urged that the trial court erred in transferring the case to the equity docket, in view of the provision of the Code (section 4182) which directs that actions for the recovery

of real property shall be by ordinary proceedings. If adverse possession and acquiescence are defenses which may be set up in such proceeding — and we think they are — then there was no occasion for transferring the case to the equity docket. But although the court may have erred in such transfer, yet if, under the evidence, there was no question which should have been submitted to a jury, then the action of the court in trying the case in equity, and rendering such a judgment as must necessarily have been rendered had the case been allowed to remain on the law side of the calendar, did not involve prejudicial error, and we should not reverse the judgment. We reached the conclusion that, on the evidence submitted, no other finding could properly have been made than that defendant had acquired title by acquiescence — a title which was available to him in the law action — and that, had the case been tried before a jury, the court should, as a matter of law, have directed a verdict for the defendant. There is no occasion, therefore, to reverse the judgment and remand the case for trial at law.

The decree of the lower court is AFFIRMED.