JOHN HARNDON, Appellant, v. GEORGE STULTZ, Appellee.

**Boundaries: DIVISION LINE: EVIDENCE.** In an action involving the correctness of a boundary line between adjacent land owners, the evidence is reviewed and the finding of the trial court, that the respective owners had recognized an existing division fence as the true line, is sustained.

**Damages: RECOVERY.** An action for the recovery of damages cannot be maintained until the amount thereof has been incurred and ascertained.

**Injunction.** Where it is not shown that the growing of noxious weeds was without lawful right, or that a nuisance was created thereby, an injunction will not be granted at the suit of an adjoining land owner.

*Appeal from Story District Court.*— HON. GEORGE W. DYER, Judge.

WEDNESDAY, SEPTEMBER 28, 1904.

ACTION to recover possession of real estate and to quiet the title thereto, and for other relief. The facts are sufficiently stated in the opinion. On hearing, the petition of plaintiff was dismissed, with costs, and he appeals.— *Affirmed.*

*J. F. Martin,* for appellant.

*E. H. Addison,* for appellee.

BISHOP, J.— The parties to this action are respectively the owners of adjoining farms in Story county. It appears

1. DIVISION LINE: evidence.

that originally one Hillis owned the land comprising both farms, and that plaintiff purchased of him about thirty years before the time of the com-

mencement of this action.   Defendant purchased about ten
years later.   Shortly after plaintiff effected his purchase, a
survey of the division line was made, but the facts in respect
thereto do not seem to have been ascertainable.   However,
it is conceded that, as between plaintiff and Hillis, a division
of the line separating the two farms was agreed upon for
fence purposes, and pursuant thereto fences were put in:
Hillis setting out a willow hedge, to which wires were after
attached, and plaintiff building a post and wire fence.   The
line thus adopted was somewhat irregular, and it is now made
to appear that in point of fact it was altogether upon the land
of plaintiff, and varies from a few inches to about four feet
from the true line.   This action is brought to recover posses-
sion of, and to quiet the title to, such irregular strip.   The
evidence bearing upon the subject is quite confusing, but we
think it fairly appears that prior to the purchase by defend-
ant, plaintiff and Hillis each cultivated up to the fences put
in by them, and regarded such fences as marking the true
boundary line.   After the purchase by defendant, the situa-
tion continued unchanged, at least in respect of the extent
and character of occupancy.   Plaintiff testified that on a
number of occasions he complained to defendant that the
fences were not on the true line, and requested that they be
removed accordingly.   He did nothing, however, looking
to a change being made, either in respect of his own fence or
that of defendant.   On the other hand, defendant testified
that nothing was ever said respecting the correctness of the
line on which the fences stood; that complaint was made by
plaintiff only as to the character of the fences; and that he
had at all times acted on the belief that the fence line was
the true line.   The trial court, with the witnesses before it,
found in favor of the contention of defendant, and we cannot
say that its finding was not justified.   Such being the facts,
the case comes fairly within the rule announced in *Miller
v. Mills County,* 111 Iowa, 654, and followed in *Axmear v.
Richards,* 112 Iowa, 657, and other cases.

II. As a ground for the recovery of damages, plaintiff complains that during the past five years defendant has allowed cocklebur and other noxious weeds to grow in large quantities upon his land in close proximity to the division line between the farms; that by the action of the wind, and a natural water-course extending from defendant's land over and upon that of plaintiff, such weeds and the seeds thereof have been carried upon and distributed over plaintiff's lands, whereby the same has been greatly damaged. In alleging his damages, plaintiff states simply that it will cost him $100 to free his land of such noxious plants and weeds. Should we concede that the alleged tortious matter is such that a recovery predicated thereon might be had in any event, it is plain that none can be awarded plaintiff in this action, in view of his pleading. He does not ask for damages to his land; his prayer is that he may recover the amount of expense which he will be called upon to pay out in removing the objectionable matter. Until an expense has been actually incurred, and the amount thereof definitely ascertained, there is no authority for bringing an action to recover the same.

*2. DAMAGES: recovery.*

III. Plaintiff also seeks in this action an injunction " restraining the continuance of the cocklebur seed and weeds being blown and drifted upon his land." The proposition is unique, to say the least. It is not suggested that the growing by one upon his own land of cocklebur and weeds is without legal right, or that in law the field of defendant constituted a nuisance. Counsel does not cite any authority for the granting of an injunction in a case such as plaintiff presents, and we know of none.

*3. INJUNCTIONS.*

We conclude that the trial court rightfully dismissed the action.—AFFIRMED.