F. C. LOUGEE and E. H. LOUGEE, Appellants, v. MYRTIE
    SHUHART and SOLOMON SHUHART, Appellees.

Quieting title: MUTUAL MISTAKE: ADVERSE POSSESSION. Where a
    deed by mutual mistake did not include the land intended by
    both grantor and grantee to be conveyed, but the grantee
    occupied the property to the line pointed out by his grantor
    for more than ten years, an action to quiet title by an adjoin-
    ing owner acquiring his title from the same grantor will not
    lie.

*Appeal from Pottawattamie District Court.*— HON. J. H.
                    PRESTON, Judge.

                TUESDAY, APRIL 4, 1905.

    THE opinion states the case.— *Affirmed.*

*Mayne & Hazleton,* for appellants.

*Sanders & Stuart,* for appellees.

WEAVER, J.— Prior to the year 1899 one Anna R.
O'Dell was the owner of lots 3 and 4 in block 1, Curtis &
Ramsey's Addition to the city of Council Bluffs, Iowa.
These lots were each fifty-five feet front by one hundred and
thirty feet deep.  On these lots Mrs. O'Dell erected three
houses, fronting on the street known as " Sixth Avenue."
It may be inferred from the record that it was the intention
of Mrs. O'Dell to divide the two lots into three equal parts,
each having a frontage on the avenue of thirty-six and two-
thirds feet, and to locate one of said houses on each lot.  In
the year 1889 Mrs. O'Dell conveyed the middle house and

lot to the defendant's grantor, describing it in the deed as the east " 18 1-3 feet of lot three and the west 18 1-3 feet of lot four." Two years later Mrs. O'Dell conveyed the west house and lot to plaintiff's grantor, describing it as the " west 36 2-3 feet of lot three." It is the claim of the defendants that, when their grantor purchased the middle property, Mrs. O'Dell, or her husband, who acted for her, pointed out the west line of the property conveyed as being along the line of the areaway into which opened the cellar windows of the house standing on said lot. To this line the defendants assert, without material contradiction, they have ever since held and occupied under claim of right. No dispute or controversy appears to have arisen over the defendants' claim of ownership to this line until the year 1903, when one Hockman, having obtained a contract for the purchase of the west lot from the plaintiffs, caused a survey to be made, with the result, it is claimed, that the entire areaway referred to, and about fourteen inches of the defendant's house, are found to be within the west thirty-six and two-thirds feet of lot three, and therefore included in the conveyance under which the plaintiff's title is derived. Thereupon plaintiffs began this action to quiet title to the disputed strip. The defendants deny the plaintiff's title, and allege that they purchased the land as pointed out by the common grantor, and, if the description in the deed is insufficient to cover such premises, it was a mistake; it having been the mutual intent and purpose of both parties to the conveyance to give to the defendants the title and ownership of all the land covered by the dwelling house. They further allege that under this claim of right and color of title they and their grantor have been in open, notorious, and undisturbed possession for more than ten years, thereby perfecting a title in them by prescription. The trial court found for the defendants, and dismissed the petition, and plaintiffs appeal.

The decree was right. This is not, as counsel for appellants appear to think, a case coming within the rule of those

precedents which hold that title by adverse possession cannot be based upon a mere mistake as to the location of a boundary line. Here there is no mistake as to the line to which Mrs. O'Dell attempted to convey, but the mistake was in describing the land which both parties supposed to be included in the deed. That all parties concerned supposed and believed the deed conveyed all the land covered by the house is clear beyond reasonable doubt. For more than ten years they have acted in strict harmony with that understanding, and it would be grossly inequitable to permit the grantor or a subsequent purchaser of the adjoining tract to now reap any advantage from the mistake. See *Miller v. Mills Co.*, 111 Iowa, 654; *Kulas v. McHugh*, 114 Iowa, 188; *Klinkner v. Schmidt*, 114 Iowa, 695.

The decree of the district court is *affirmed*.