### T. A. LAUGHLIN v. MARY FRANCIS, Appellant.

**Boundaries:** ESTABLISHMENT BY ACQUIESCENCE. Neither the fact that a boundary line, determined from a survey based on a description in a plat or conveyance, does not correspond with a line established by acquiescence, nor the fact that the acquiesced line is not a straight line as called for in the description, are such controlling circumstances as will defeat a claim based on acquiescence.

*Appeal from Webster District Court.*— HON. J. R. WHITAKER, Judge.

SATURDAY, NOVEMBER 18, 1905.

THIS is a special proceeding under the provisions of Code, section 4230, to determine a disputed boundary. Judgment for plaintiff, from which defendant appeals.— *Affirmed.*

*Wright & Nugent,* for appellant.

*Thomas & Busby* and *Kenyon & O'Connor,* for appellee.

McCLAIN, J.— The sole controversy between these two parties is as to whether the boundary line between their adjoining lots shall be determined by a survey based upon an

official plat of the block in which their lots are situated, or by evidence showing a boundary line to have been established for more than ten years, which, while corresponding at the north end with the plat, departs from the line indicated by the plat to the extent of about three feet at the south end, so as to include as a part of plaintiff's lot a triangular piece of land, which would, according to the description in the plat, belong to the defendant.

The evidence as to a boundary line by acquiescence, as contended for by the plaintiff, relates to a barn placed by defendant's grantor on the supposed boundary line and in the northwest corner of her lot, and a fence running from the southwest corner of this barn to the east and west street in front of plaintiff's and defendant's lots, and separating defendant's lot, which was to the east of this fence, from plaintiff's lot to the west. The barn and fence were constructed by defendant's grantor more than ten years before either party acquired title to his lot, and the evidence as to the acquiescence by the respective grantors of the parties in this fence, as constituting the true boundary line, is amply sufficient to sustain the decision of the trial court based on the rule announced in *Miller v. Mills County,* 111 Iowa, 654, 660, unless there are controlling circumstances in the case which require that an exception be made to the general rule there announced.

Counsel for appellant rely upon the statement made in the opinion in that case, " that in the absence of *other controlling circumstances* the inference is conclusive that the division line between adjoining tracts definitely marked by the erection and maintenance of a fence or other monuments, recognized by the owners as such, and up to which they have occupied and cultivated the land on either side for more than ten years, the statutory period of limitation, is the true boundary between them; " and they contend that there are controlling circumstances in this case which prevent the application of the rule. The controlling circumstances relied

on are, first, the dimensions of the lots in the block according to the plat, and, second, the fact that the line designated by the barn and fence is not a straight line. The fact that the lines as determined by the survey based upon the description in the conveyance or plat under which a party claims do not correspond with the lines established by acquiescence has never been considered a controlling circumstance such as to defeat the claim based on acquiescence. If it were to be so considered there would be little left of the rule laid down by the court in *Miller v. Mills County,* for if the line could be established by a survey as in most instances it could be so established, the line acquiesced in, so far as it is different from the line determined by a survey, would have no value for any purpose. In nearly all the cases in which *Miller v. Mills County* has been followed the discrepancy has been between the surveyed line based upon description in deed or plat and the line fixed by acquiescence, and it has been uniformly held that the line fixed by acquiescence must control. *Lawrence v. Washburn,* 119 Iowa, 109; *Buch v. Flanders,* 119 Iowa, 164; *O'Callaghan v. Whisenand,* 119 Iowa, 566; *Klinkefus v. Vanmeter,* 122 Iowa, 412; *Rattray v. Talcott,* 124 Iowa, 398.

The fact that the line of acquiescence is not a straight line, although the description in the deed or plat calls for a straight line, has never been held such a controlling circumstance as to defeat the presumption arising from acquiescence. In *O'Callaghan v. Whisenand, supra,* it was held that the determination for some distance of the line of acquiescence by means of the wall of a building would constitute such determination of the entire boundary, on the presumption that the parties intended a straight line, but in that case the remainder of the line of acquiescence was not indicated in any way, while in this case the entire line of acquiescence was fixed by the lines of the barn and fence. It is argued that the line established by the barn should control, because of its being a more permanent structure, but in our judgment there is no

force in this suggestion.   The remainder of the boundary was equally well fixed by a permanent structure; that is, the fence. ' Moreover, it does not definitely appear from the evidence that the line of the fence departs in direction from the line established by the west line of the barn.   However that may be, the line of acquiescence is not in this case any theoretical line, but it is a line actually fixed by the parties by mutual acquiescence, and it must control.  That the line of acquiescence will be recognized, although it is not a straight line, while the line called for by the description is a straight line, has been determined in *Harndon v. Stultz,* 124 Iowa, 734.

The judgment of the trial court is *affirmed.*