LEONARD ERIKSON, Appellee, v. JENNIE M. SLATE,
Appellant.

**Boundaries:** ACQUIESENCE: EVIDENCE. In an action to quiet title
the evidence is reviewed and held insufficient to show ac-
quiesence by plaintiff in a certain boundary line.

*Appeal from Webster District Court.*— HON. W. D.
EVANS, Judge.

MONDAY, MARCH 12, 1906.

SUIT in equity to quiet plaintiff's title to a strip of land
between his and defendant's premises. Defendant denied
plaintiff's title and pleaded acquiescence in a certain bound-
ary line between the two properties. She also filed a cross-
petition asking that title to the strip in dispute be quieted
in her. On these issues the case was tried to the court, re-
sulting in a decree for plaintiff, and defendant appeals.—
*Affirmed.*

*Healy Brothers & Kelleher,* for appellant.

*E. H. Johnson,* for appellee.

DEEMER, J.— Plaintiff is the owner of an irregular
tract of land in what is known as " Block 25 "; and defend-
ant of another tract known as " Block 38," both in West Ft.
Dodge, Iowa. Defendant's tract is southwest of that be-
longing to plaintiff, and the controversy is over the boundary
between the two tracts which are contiguous. Plaintiff's
title to his tract comes through certain conveyances from one
Moe, his immediate grantor being the Columbian Savings
Company, whose deed describes the property by metes and
bounds. Defendant's title to block 38, which has never been
subdivided, comes through one Hunt, or Webster county,
and immediately from C. F. Slate. All these conveyances

describe the land as block 38 in West Ft. Dodge according to the recorded plat. Beecher conveyed to Hunt in 1875, the sheriff of Webster county to Webster county in 1880.; Webster county to Kate M. Allen in 1883; Allen to C. F. Slate in 1888; and C. F. Slate to defendant in the year 1895. This block 38 has, according to the testimony, been occupied as a homestead by one Dr. (F. G.) Slate, his wife and the members of his family — Kate M. Allen being one — for about twenty-nine years. When they went into the possession thereof it was covered with brush and stumps, and these were cleared off from time to time, and the refuse gathered upon what was thought by them to be the line between blocks 38 and 25. Shortly afterwards a fence was erected by Dr. Slate, or his family, upon this line, which has remained in the same place down to the time of the beginning of this controversy. When this fence was originally built block 25 was unimproved, and was also covered with stumps, brush, and weeds. At that time block 25 was owned, as we understand it, by one Andrew Moe; but he had no share in the building of the fence and was not occupying the property; it still remaining in its original unimproved condition. Defendant claims that this fence marks the true boundary line between her property and that belonging to plaintiff, and further contends that whether this be so or not, plaintiff and his grantors have acquiesced in its being the line for so long a time that he is estopped from claiming that it is not on the true line.

The first question in the case is the true boundary line between these two pieces of property. From the evidence we find that if plaintiff is given title to the property called for by his deed, he has no more than is therein described, and that defendant will have the full measure of her property as shown by the recorded plat of block 38. On the other hand, if defendant is given the decree, she will have a strip one hundred and fifty feet long by twenty-three and a fraction at one end and five at the other. There is some contention as to the true boundary between these pieces of property as

shown by existing or pre-existing monuments, but we are inclined to think that it does not materially vary from the line claimed by plaintiff. So that if defendant is to succeed she must show such acquiescence in the boundary fixed by the fence of which we have spoken as to estop plaintiff from claiming the property in dispute. At the time the fence was built and down to the time when plaintiff purchased his property, which was in the year 1902, the tract now owned by him was vacant, unoccupied and unimproved, covered with brush, trees, weeds and underbrush, and was so located on a hill side that it could not be used without considerable expense in grading and leveling the same. After his purchase plaintiff proceeded to put the property into condition for occupancy, and afterward erected a dwelling house thereon. Until plaintiff improved there were no fences around his property save the one which has been erected by the Slate family at their own expense. While Dr. Slate may have believed the fence was upon the true line, there is no such showing of acquiescence therein by plaintiff and his grantors as to estop him or them from claiming to the true line. Indeed, it appears that Dr. Slate admitted to Moe, who at one time owned the property in block 25 that the fence was not upon the line. Moe sold to Haugens, and Haugens to the Columbian Savings Bank. When the latter purchased the property, it was represented to its officers, that the fence was not upon the true line, and when plaintiff purchased the true line was pointed out to him as being the correct boundary of the tract.

Shortly after his purchase, plaintiff had the land surveyed, and this survey confirmed the boundary now claimed by him. Almost immediately plaintiff went to see defendant about the line, and was informed by one of the persons then in possession that the fence was not upon the line. Neither Dr. Slate nor C. F. Slate were witnesses at the trial. Indeed, C. F. Slate is now, and during all the time material to our inquiry has been, a nonresident of the state. None of defendant's grantors were witnesses, and we do

not have any testimony from them as to their claim of right or title to the property in dispute, save as it is filtered through defendant. She says that the fence is upon the true line, and that she has always intended to claim to the fence as the northeastern boundary of her property. She did not obtain her title, however, until the year 1895, and this action was brought in the year 1903. With these facts in mind, it is clear that there was no express agreement as to the boundary line. Nor do we think there was an implied agreement or such acquiescence as to estop the plaintiff. The case is quite like *Palmer v. Osborne,* 115 Iowa, 714, and *Kitchen v. Chantland,* 130 Iowa, 618. It differs very materially from *Miller v. Mills County,* 111 Iowa, 654, and other like cases relied upon by appellant. Indeed it does not come within the rule of those cases in any material respect, save that there was a fence in each case between the two pieces of property. Adverse possession is not pleaded by defendant, but if it were, the claim is not established, because there is not sufficient showing of claim of right or title to the property for the requisite time. Miller v. Mills County, *supra; Grube v. Wells,* 34 Iowa, 148; *Jordan v. Ferree,* 101 Iowa, 444; *Lawrence v. Washburn,* 119 Iowa, 109, and other like cases.

The decree of the trial court seems to be correct, and it is *affirmed.*