## BOUNDARY LINE ESTABLISHED BY UNCONNECTED FENCES.

Circuit Court of Cuyahoga County.

JACOB EPSTEIN ET AL v. WILLIAM KRAFT.

Decided, May 18, 1908.

*Boundary Line—Fences.*

Where a boundary line is conceded to be a straight line, the construction of fences along a portion of its distance, leaving a gap between them unenclosed, amounts to a recognition of the entire line and a claim to all the land bounded by it.

*A. F. Ingersoll,* for plaintiffs in error.
*J. M. Shallenberger,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was a case in ejectment, the plaintiff being the owner of sub-lot No. 24 in J. M. Hoyt's subdivision on the easterly side of Maple street in the city of Cleveland, and the defendant being the owner of sub-lot No. 23 in said subdivision, which is south of said sub-lot No. 24. Each of these lots, according to the plat, is 30 feet front and 100 feet deep to an alley in the rear. The plaintiff claims that the defendant has taken possession of a strip of land along the south side of said lot No. 24, fourteen inches wide in front and seventeen inches wide in the rear, by erecting a new fence on the northerly side of said strip. A jury was waived in the common pleas court and the trial judge found in favor of the defendant and dismissed the petition. The case is here on error and from the bill of exceptions it is apparent that

the dispute between the parties as to the location of the proper boundary line between their lots is due to the fact that there is a surplus of 1 98-100 feet in the block in which said lots are situated. The defendant's surveyor, by apportioning this surplus through all the lots in the block, brings the north line of the defendant's lot to the new fence built by him. This method of apportioning the surplus through all the lots in the block and giving each lot its pro rata share is conceded to be a proper method of distributing the surplus. But the plaintiff claims that he has located 14 inches of said surplus in his lot and made it a part of said lot No. 24 by building fences and holding possession of said strip for more than twenty-one years.

There is little dispute as to the facts in the case. It is clear that the fence on the line claimed by plaintiff was built more than twenty-one years before the beginning of this suit, for a distance of 50 feet from the rear of the lot towards the front, and another fence on the same line was built more than twenty-one years before the beginning of this suit from the street line back 15 feet. There was no fence connecting these two short fences, so that there was a space of 35 feet without any fence. This space was between the houses of the plaintiff and defendant, and it was because there was no continuous fence from the front to the rear of the lot that the trial judge held that the plaintiff had failed to establish his title to the strip in dispute by adverse possession. Some support for this conclusion is found in the cases of *Smith* v. *Hosmer,* 28 American Decisions, 354, and *Armstrong* v. *Risteau,* 59 Am. Dec., 115, for there is nothing in the evidence showing that the old fences were built upon a line agreed upon between the parties, as the proper and correct boundary line between them.

We think, however, the better doctrine is stated in the case of *O'Callaghan* v. *Whisenand,* 119 Ia., 566, the second paragraph of the syllabus of which reads as follows:

"Where a boundary line is conceded to be a straight line the construction of a building along a portion of its distance amounts to a recognition of the entire line and a claim to all the land bounded by it."

To the same effect is the case of *Buck et al* v. *Squires*, 23 Vermont, 498.   The same rule was applied in the case of *Wilson* v. *Sidle*, 52 O. L. Bull., 393.

We are confirmed in our conclusions by a consideration of the use to which the plaintiff put the land along the strip in dispute, which was unfenced.   This part of the strip was the only access plaintiff had to the rear of his  lot, and his house came within twenty-three inches of the line which he claims to be the proper southerly boundary of his land.   Taking off fourteen inches of this strip, as defendant has done, by building the fence on the line he claims, leaves the plaintiff without access to the rear of his lot.

It is in evidence that the plaintiff and his predecessors in title used this strip along the side of his house with the knowledge of the defendant and his predecessors in title for the convenience of egress and ingress to and from the rear of his lot, without let or hindrance and without obstruction, for a period of more than twenty-one years before this suit was brought, and we think he thereby acquired a right by prescription to its use, as incident to his land.   *Pavey* v. *Vance et al,* 56 Ohio St., 162.

What right then had the defendant to build his new fence where he located it?   ·We think that the plaintiff was clearly entitled to the relief prayed for in his petition and that the judgment rendered by the trial court was contrary to law and should be reversed.

While the facts upon which we arrive at this conclusion are uncontradicted, as there still remains in the case the claim for damages which the plaintiff has set up in his petition, for the ascertainment of said damages the cause is remanded to the common pleas court for a new trial.

Judgment reversed.