BARTLEY F. GORDON, Appellee, v. JOHN MATTHES ET AL.,
Appellants.

**Boundaries:** ACQUIESCENCE: ADVERSE POSSESSION. Acquiescence in a definite boundary line for the statutory period of ten years will result in the establishment of that line under the doctrine of adverse possession. Evidence held to show that the line contended for by plaintiff in this action had been acquiesced in for the statutory period.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

MONDAY, NOVEMBER 21, 1910.

SUIT in equity to establish the boundary line between plaintiff's and defendants' property, and to restrain defendants from removing a fence upon a certain line. A temporary writ of injunction was issued, which, upon final hearing, was made perpetual. Defendants appeal.—*Affirmed.*

*O. A. Byington,* for appellants.

*Wade, Dutcher & Davis,* for appellee.

DEEMER, C. J.—The question in the case is the true boundary line between certain tracts of land owned by the parties to the action. Plaintiff claims that the line is at a given place, because it is the true one; that, whether the true one or not, defendants have acquiesced therein for more than ten years; and that he is entitled to claim thereto by adverse possession for the statutory period. These claims are all denied by defendants.

The law of the case is well settled by previous decisions. *O'Callaghan v. Whisenand,* 119 Iowa, 566; *Laughlin v. Francis,* 129 Iowa, 62; *Bradley v. Burkhart,* 139 Iowa, 323. There is, in our opinion, no competent testimony that the true line between the two pieces of land is at any other place than where the parties substantially agreed that it was at a prior time, and upon which they erected a fence to mark the line. Moreover, more than ten years before the commencement of this suit plaintiff's grantor erected a barn substantially upon the true line now claimed by plaintiff, and occupied and used his property with refernce to this line, with the acquiescence and consent of the defendants and their grantors. The line fixed by this barn was also acquiesced in by these parties some years thereafter, if not before, by the construction jointly of the fence to which we have referred. The barn to which we have referred was, for convenience, moved by

plaintiff some four or five years before this action was commenced; but the fence was permitted to remain where it was originally constructed.   There is also testimony from which the trial court was justified in believing that a permanent fence was erected along the line claimed by plaintiff and acquiesced in by all the parties more than ten years before the commencement of this action.

Again, by agreement of parties the trial court went upon the premises and examined the nature of the fences and improvements, taking into account what he saw as original and independent testimony.   There is, as we view it, an entire absence of any testimony showing that the line so fixed is not the true one, or was not believed to be the true line, or that there was any mistake on the part of either party or his grantors.

The case seems to have been correctly decided, and the decree must be, and it is, *affirmed.*