# IN THE COURT OF APPEALS OF IOWA

No. 22-0848
Filed March 8, 2023

**SUNDANCE LAND COMPANY, LLC,**
        Plaintiff/Counterclaim Defendant-Appellant,

**vs.**

**PHILLIP REMMARK and BOBBIE REMMARK,**
        Defendants/Counterclaim Plaintiffs-Appellees.
_____

        Appeal from the Iowa District Court for Wapello County, Wyatt Peterson,

Judge.


        Sundance Land Company, LLC, appeals the district court's denial of its

petition to quiet title to real estate and its granting of a counterclaim alleging a

border by acquiescence.  **AFFIRMED.**


        Bradley M. Grothe of Craver & Grothe, LLP, Centerville, for appellant.

        Michael O. Carpenter of Gaumer, Emanuel, Carpenter & Goldsmith, P.C.,

Ottumwa, for appellees.


        Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**VAITHESWARAN, Presiding Judge.**

Sundance Land Company, LLC, purchased a parcel of land directly to the north of property owned by Phillip and Bobbie Remmark. The properties were bisected by a fence line. The fence line was further north than the surveyed boundary.

Sundance filed a petition to quiet title.[1] The Remmarks answered and filed a counterclaim alleging "[t]he border between the properties [ ] shifted to the north of the original surveyed boundary, and [ ] a new boundary line [was] established by acquiescence." Following trial, the district court found the fence line became the boundary by acquiescence. The court denied and dismissed Sundance's petition and granted the Remmarks' counterclaim.

Sundance filed a motion for enlarged findings and conclusions in which it sought a legal-access easement. *See* Iowa R. Civ. P. 1.904(2). The district court denied the motion, reasoning the issue was not pled.

On appeal, Sundance takes issue with the post-trial ruling. We conclude Sundance failed to preserve error. *See Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 543 (Iowa 2019) (concluding a new theory raised in a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) but not raised in the litigation of summary judgment motions was not preserved for review); *Alliant Energy-Interstate Power & Light Co. v. Duckett*, 732 N.W.2d 869, 876 n.9 (Iowa 2007) ("While a rule 1.904(2) motion presents a claim that a district court overlooked an issue it now needs to rule on, that is not the case here where the district court could

---

[1] Sundance also raised a trespass claim and sought injunctive relief.

not have overlooked this issue because the parties never brought it up until after the summary judgment rulings.").

Sundance also argues it owned the northern parcel in fee simple. That fact was undisputed. The fact was not dispositive of whether the Remmarks established a boundary by acquiescence, which is the primary contention on appeal. We turn to that issue.

"Iowa Code chapter 650 [(2020)] codifies the doctrine of acquiescence, by which a boundary line contrary to a property's legal description may be established." *Ollinger v. Bennett*, 562 N.W.2d 167, 170 (Iowa 1997). Section 650.6 states:

> Either the plaintiff or defendant may, by proper plea, put in issue the fact that certain alleged boundaries or corners are the true ones, or that such have been recognized and acquiesced in by the parties or their grantors for a period of ten consecutive years, which issue may be tried before commission is appointed, in the discretion of the court.

Section 650.14 states: "If it is found that the boundaries and corners alleged to have been recognized and acquiesced in for ten years have been so recognized and acquiesced in, such recognized boundaries and corners shall be permanently established." "Acquiescence" has been defined as "the mutual recognition by two adjoining landowners for ten years or more that a line, definitely marked by fence or in some manner, is the dividing line between them." *Sille v. Shaffer*, 297 N.W.2d 379, 381 (Iowa 1980) (citing *Pruhs v. Stanlake*, 113 N.W.2d 300, 302 (Iowa 1962)).

Our de novo review of the record reveals the following pertinent facts. A prior owner of the Sundance property who purchased the land in 1990 testified that she considered the fence line the proper boundary between her land and the land

to the south. When she and her husband sold the land to Scott and Mary Hubbell after twenty-four years, she still considered the fence line to be the boundary to the property.

Her testimony was corroborated by Philip Remmark. Without objection, he said he spoke to Scott Hubbell who, for approximately three years, owned both lots involved in this litigation. Hubbell told Remmark the property line to the north was the fence. Remmark testified, "I had no reason not to believe him."

Hubbell testified at trial and denied telling Remmark the fence line was the true boundary. But he equivocated on cross-examination, stating he really did not "remember that much about it." More critically, he essentially admitted a machine shed and corn crib he built were south of the fence line but partially north of the surveyed line, lending credence to Remmark's assertion that he considered the fence line the true boundary.

Remmark's understanding of the boundary line was also informed by discussions with a neighbor, who told him the "fence line has always been the boundar[y] for as long as I can remember."[2] Another neighbor testified at trial and stated a prior owner of the Remmark property "always said [the boundary] was the fence line." According to the neighbor, the prior owner "lived there some 40 some years, and . . . he always indicated [ ] that's the way it's been since he was there." We agree with the district court that the fence line was accepted as the boundary for well over a decade and became the boundary by acquiescence.

---

[2] A hearsay objection to this testimony was overruled.

In reaching that conclusion, we have considered Sundance's contention that Hubbell's three-year ownership of both parcels extinguished the boundary by acquiescence. The district court was unpersuaded by the contention. The court reasoned that to find that "ownership of both parcels re-sets the boundary line to the survey line contradicts the purpose and doctrine of acquiescence established by Iowa Code chapter 650 and as established by the Iowa Supreme Court for over one hundred years." We agree with the court's conclusion. *See* Iowa Code § 650.14 (stating boundaries by acquiescence shall be "permanently established"); *Ollinger*, 562 N.W.2d at 171–72 ([W]e believe scrutinizing parties' conduct, after acquiescence has been established, for signs of repudiation would undermine the purpose of establishing boundaries by acquiescence."); *O'Callaghan v. Whisenand*, 93 N.W. 579, 579 (Iowa 1903) ("It would be intolerable if, after permanent buildings have been erected according to a line which both parties claimed to be their common boundary, one of them could, by procuring a new survey, and establishing some inaccuracy in the survey in accordance with which the recognized boundary was established, require the other to remove his permanent buildings in order to give the first some small portion of land to which he finds himself entitled in accordance with such new survey."). In light of Iowa precedent discouraging the repudiation if not the erasure of boundaries by acquiescence, we decline Sundance's invitation to follow the lead of other jurisdictions that have gone in a different direction. *See Salazar v. Terry*, 911 P.2d 1086, 1089 (Colo. 1996) (concluding common ownership extinguished a boundary by acquiescence and citing authority from other jurisdictions in support of the conclusion).

We affirm the district court's denial of Sundance's claims and the court's grant of the Remmarks' counterclaim.

**AFFIRMED.**