W. J. R. BECK, Appellant, v. JOHN UMSHLER, Appellee.

**Landlord and tenant:** ATTACHMENT: INSTRUCTIONS. In landlord's attachment in which a quantity of corn was taken under the writ, for the value of which the tenant counterclaimed, a requested instruction confining the attention of the jury to the corn taken under the attachment was properly refused, the court having in other instructions expressly told the jury that the corn, the value of which defendant sought to recover, was that levied upon.

**Contracts:** MODIFICATION: *Quantum* OF PROOF. The modification of a written contract may be established by a preponderance of the evidence; it need not be as conclusive as in the case of a reformation.

**Same:** CONSIDERATION: INSTRUCTION. Where the question of consideration for the modification of a contract is in the case it becomes the duty of the court to instruct on the subject; and a failure of the evidence to disclose a consideration therefor cannot be taken advantage of by attacking the instruction.

**Same:** WITHDRAWAL OF ISSUES. Although there may be some evidence touching a claim for damages, still if insufficient to support a verdict it should be withdrawn from the jury.

**Attachment:** JUDGMENT UPON COUNTERCLAIM. Where a landlord's claim for damages has been disallowed the tenant is entitled to judgment on his counterclaim for the value of property levied upon under an attachment.

*Appeal from Lee District Court.*— HON. HENRY BANK, JR., Judge.

WEDNESDAY, MAY 6, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

ACTION at law, aided by attachment, to recover farm rent. The defendant counterclaimed, and on the trial there was a verdict in his favor, on which judgment was entered. Plaintiff appeals.— *Affirmed.*

*D. F. Miller* and *T. B. Snyder,* for appellant.

*J. E. & T. A. Craig,* for appellee.

BISHOP, J.— Plaintiff is the owner of a farm in Lee county. On March 6, 1902, he leased a portion thereof, including dwelling house, to the defendant for a term beginning on that day, and to terminate at " the end of the crop season 1902." The agreement was reduced to writing, and therein was a provision as to rent, in part as follows: Um-

shler shall deliver to Beck two-fifths of all the corn in cribs on the farm, " and fodder shredded in Beck's barn on the farm." He (Umshler) shall also care for all cows, calves, and hogs on the farm, and shall receive one-half the butter, and one-third the increase of the hogs. Other provisions are that Umshler shall commit no waste; that he will surrender possession at the end of the term, and, failing in this, he will pay Beck $5 per day for the time possession is withheld. It is alleged in the petition that in April following by oral agreement between the parties the tenancy was extended to a further part of the farm, and this was to be held by Umshler on the same terms and conditions as expressed in the writing of March 6th. This action was commenced in February, 1903, and the complaint of the petition is that defendant failed to comply with the terms of the lease, and there is now due and owing from him to plaintiff on account of corn not delivered, $150; on account of labor expended in shredding fodder, $100; amount due for feed, butter, hogs, and calves, $150; amount due for fuel, waste, and trespass, $65; amount due for rent on dwelling withheld beyond term seventy-four days, $370. At the time of the commencement of the action plaintiff caused to be issued and levied a writ of landlord's attachment. All the property seized under the writ was released on demand except about three hundred bushels of corn. Defendant answered denying that there was anything due plaintiff. He denied holding over in violation of the terms of the lease, and says that at the time of the oral agreement for the inclusion in the tenancy of a further part of the farm it was agreed that plaintiff should furnish the machine for shredding the fodder, defendant to furnish the men to do the work and board them; that up to the time of the termination of the lease according to its terms the machine had not been furnished; that defendant desired to settle up and leave, but plaintiff insisted that the shredding should first be done, and defendant remained for that purpose; that no machine was ever

furnished, and he, defendant, was not notified of any change in plans until this action was commenced. These facts are pleaded as a waiver of the lease provision. . In a counter-claim defendant demands judgment for the value of the corn taken under the writ of attachment in the sum of $150; for hay taken by plaintiff in the sum of $20; for work, $35; for hogs owned by defendant and taken and converted by plaintiff, $95.

I.   Several requests for instructions were presented by plaintiff and refused by the court. We think that out of this arose no prejudicial error. One of such requests had reference to the claim of defendant for corn taken by plaintiff, and the request was that the attention of the jury be confined to the corn taken under the attachment writ. In stating the issues to the jury, the court expressly called attention to the fact that the corn for the value of which defendant sought to recover was that seized under the attachment. And in the twenty-second instruction the claim of defendant is referred to in like terms. The jury could not well have misunderstood the situation. As far as applicable to the case, the propositions of the other requests were embodied in the charge of the court.

1. LANDLORD AND TENANT: attachment: instructions.

II.   The third instruction given to the jury is complained of. Therein the court made reference to the claim of plaintiff that subsequent to the execution of the written lease a modification of the contract as to shredding the corn fodder was agreed upon, and the jury was told that the burden was on defendant to establish such modified agreement by a fair preponderance of the evidence. Appellant insists that this was error; that, instead, the court should have told the jury that to be effective the modification must have been " established by clear, satisfactory and conclusive evidence which proved beyond a reasonable doubt the making of such change," etc. Without doubt, where reformation of a writ-

2. CONTRACTS: modification: quantum of proof.

ten contract is sought, the rule invoked by appellant applies. The cases cited by counsel certainly hold that way. But the case before us presents a claim of modification of contract, not a claim for reformation. And to make out a case of modification a preponderance of the evidence will suffice. *Holt v. Brown,* 63 Iowa, 319.

III. In a further instruction the court told the jury that a modification of the written contract, if found to have been agreed upon, would not be effective unless further found

3. SAME: consideration: instruction.

that such modification was on consideration. And of this appellant complains. Counsel do not question the law of the instruction, but they say that it should not have been given because the record is barren of any evidence tending to prove that a consideration for the modification moved to plaintiff. The contention is unique to say the least. And we may dispose of it by saying that the question of a modification of the original contract was in the case; consequently it became the duty of the court to instruct thereon, and to instruct correctly. If the evidence failed to show any consideration, it was for the plaintiff to advantage himself of the situation in some other way than by challenging an instruction dealing with the subject, the law of which he does not assail.

IV. In a further instruction the court withdrew from the consideration of the jury the claim of plaintiff for damages for fuel taken and for waste. This was upon the theory

4. SAME: withdrawal of issues.

that the claim was not supported by any evidence. It is said that here was error. We think otherwise. There was some evidence touching the subject, but we agree with the trial court that it was insufficient to support a verdict in favor of plaintiff.

V. It is said that the verdict in favor of defendant was not warranted by the evidence. There is no

5. ATTACHMENT: judgment upon counterclaim.

merit in this contention. The evidence for defendant tended to prove the subsequent agreement as to shredding the corn fodder; that defendant

remained on the farm at the instance of plaintiff and with his consent, to do that and other work beneficial to his interests. So, also, there was evidence tending to disprove the other items of plaintiff's claim. On the other hand, the claim of plaintiff once disposed of, defendant was entitled to a verdict for the value of the corn attached, if for nothing more. And the judgment entered in his favor did not exceed the proven value of such corn.

VI. Finally, plaintiff insists that his motion for new trial should have been granted on the showing made by him of newly discovered evidence. As did the court below, we think otherwise. As far as material in character the evidence proposed where not cumulative was not of sufficient importance to require a submission of the case to another jury.

Others errors are contended for. They are either disposed of by what has already been said or are without merit. The judgment must be, and it is, *affirmed.*