WALLACE DAKE, Appellant, v. C. L. WARD et al., Appellees.

**BOUNDARY LINES:** Evidence—Non-Acquiescence—Personal Com-
1 munications with Former Deceased Owner. Whether, in order
to defeat a boundary line by acquiescence, plaintiff, the present

owner of one tract of land, may establish his non-acquiescence in the line in question by showing his conversations with a former owner, now deceased, of the adjoining tract, the defendant being the successor in interest of such deceased former owner, *query*.

**BOUNDARY LINES:**   Acquiescence in Line—Delay in Bringing Action.   The continued use of a partition fence by the adjoining owners cultivating the land up to such fence for ten years gives rise to the inference or presumption that the parties have agreed on such line—have acquiesced in such line.

PRINCIPLE APPLIED:   Plaintiff and one Claussen owned adjoining farms for 17 years following the building of a partition fence by Claussen in accordance with a survey, as Claussen claimed.   During all said time said fence was maintained and the land on both sides thereof cultivated up to it.  ' At the end of 17 years, Claussen sold his land and defendants are now the successors in title.   Claussen died about a year after he sold out.   Plaintiff then brought an action to enjoin the maintenance of the fence by defendants, and testified he always contended to Claussen that the fence was not on the correct line and that Claussen was equally sure it was.   Assuming the competency of this testimony, *held*, the delay in bringing ·the action so discredited plaintiff that his testimony would not overthrow the presumption of acquiescence.

**ADVERSE POSSESSION:**   Boundary Lines.   The claim, made in good faith, and persisted in for ten years, that a certain fence was on the true line, ripens into title by adverse possession to the land up to said fence.

**APPEAL AND ERROR:**   Abstract—Sufficiency—Date of Trial.   Abstracts should always show the date of trial.

*Appeal from Buena Vista District Court.*—HON. A. D. BAILIE, Judge.

SATURDAY, DECEMBER 19, 1914.

THIS action is a controversy between adjoining landowners over the location of a partition fence.   The defendants pleaded acquiescence in a line and adverse possession for more

than ten years. There was a decree for the defendants. Plaintiff appeals.—*Affirmed.*

*James Deland,* for appellant.

*Faville & Whitney,* for appellees.

EVANS, J.—Plaintiff is the owner of the S. ½ of the NE. ¼ of a certain section 2. Defendants Ward and Robinson are owners of the N. ½ of the same quarter section. Robinson acquired his interest by executory contract from Ward. Ward acquired the land from Gaffey. Gaffey acquired it from one Claussen. Gaffey and Adams have no present interest in the land or in the litigation, and they have filed a disclaimer. Dake, the plaintiff, has occupied the S. ½ of the quarter section since 1878. Claussen acquired the N. ½ in 1883 and occupied it from such date until the spring of 1910, when he sold it to Gaffey. In 1893, Claussen built a partition fence between the two farms and the same was maintained continuously from that time until after Claussen sold and left the place. In March, 1911, the plaintiff tore down such fence and erected another on a line some distance north of the old line. This was done under the claim that the old line was an encroachment upon him. The defendants, the present owners, removed the fence. Thereupon this action was brought, asking an injunction against their interference.

The partition line between the parties was 160 rods long. The buildings on each farm were located near the west end of this partition line. Their outlet to the highway, however, was toward the east. For that purpose, Claussen maintained continuously a narrow roadway from his house east along the north side of the partition fence to the public highway on the east side of the section. The west side of each farm consisted of hilly land unsuitable for cultivation and the same was used for pasture. Under some arrangement between Claussen and Dake in 1895, the west twenty or thirty rods of the partition fence was moved north, making a "jog" in

the line. The rest of the line fence was maintained continuously as first constructed. The land adjoining this portion was all tillable and each party tilled to the fence. Shortly prior to the building of the fence, a survey had been made by the county surveyor and Claussen claimed to build the fence in accordance with such survey. These are the general facts upon which the defendants claim acquiescence in the partition line for more than ten years. In the absence of other evidence they would be clearly sufficient to support the plea.

1. BOUNDARY LINES: evidence: non-acquiescence: personal communications with former deceased owner.

To rebut the inference of acquiescence, the plaintiff testified that he never did in fact acquiesce but that on the contrary he always claimed to Claussen that the fence encroached upon him. Claussen's invariable answer to such claim was an insistence that the fence was on the true line.

Because of this testimony of plaintiff Dake, it is urged that no acquiescence can be found. For the defendants, it is urged that the testimony of Dake to a personal conversation with Claussen was incompetent, Claussen being dead and the defendants being his successors in title. We are not without doubt on this question, but we pass it. Acquiescence or want of acquiescence is not alone a matter of words. It is often, if not usually, proved by inference or presumption from the conduct of the parties. *Harndon v. Stultz,* 124 Iowa 734; *Keller v. Harrison,* 139 Iowa 382, 394.

Words may be wanting or the proof of them impossible, but conduct of the parties during a period of ten years is inevitable, and proof of its general character is ordinarily available. It is urged for the plaintiff that definite active consent must be proved in order to constitute acquiescence within the meaning of the law. We cannot assent to this view. If a definite agreement could be proved, that would be enough of itself, instanter, without the ten years' duration. The very

2. BOUNDARY LINES: acquiescence in line: delay in bringing action.

reason for requiring a long period of acquiescence in order to establish it at all, is that it is deemed somewhat negative in character and that its inference can be drawn more fairly from a long period of negation than from a short one. It is readily conceivable that a person may be dissatisfied and yet submit and thus acquiesce.

The question of fact presented to us at this point is whether we can deem the testimony of the plaintiff as to his complaints to Claussen as sufficient to overcome the inference which must otherwise arise from the long-continued use of the partition fence. The fact that this testimony came after the death of Claussen gave it immunity from contradiction. The trial court doubtless scrutinized it more closely on that account. If the plaintiff was legally entitled in March, 1911, to remove the fence in question further north, he had been equally entitled to do so for at least eighteen years. Prior to March, 1911, he had never done an overt act in that direction. If he had done so while Claussen was living and in possession of the land, he would have been confronted by an adversary who had equal knowledge with himself of their past conduct and understandings. The fact that he could remain acquiescent in conduct for eighteen years and until his real adversary had turned his back to him is an impeaching circumstance which greatly weakens the credibility of his testimony in that regard. This circumstance creates in our minds such a great doubt of its credibility that we do not feel justified in accepting it to the extent of reversing the finding of the lower court.

This testimony presents the further difficulty that it shows that Claussen was at all times insisting upon the correctness of the line as indicated by the fence and such insistence was in apparent good faith. So that if Claussen did not acquire a right up to such line by ten years' acquiescence he must have acquired it by adverse possession. We reach the conclusion that the decree entered below was right.

3. ADVERSE POSSESSION: boundary lines.

II. We are disposed to call attention to an oversight in the abstract. In order to understand the reference of some of the testimony to points of time it has been necessary for us to know the date of the trial. For instance, it appears from the evidence that Claussen died "last September." The decree recites that the trial began December 28, 1912; it recites the findings of the court as being made on September 6, 1912. The evidence was all certified by the reporter on January 23, 1912. We can only venture a guess in correction of the manifest error that the first two dates should be reversed in order and that the year of each should be 1911 instead of 1912. This would make them at least consistent with each other and consistent with certification in January, 1912. On the other hand some pleadings were filed as late as January, 1912. The petition, however, was filed in April, 1911, and the answer in September, 1911. Whether the year of Claussen's death was 1910 or 1911 is a fact of some importance. We can only ascertain it from this record by first ascertaining or assuming the date of the trial.

*4. APPEAL AND ERROR: abstract: sufficiency: date of trial.*

Omission from the abstract of the date of trial is not an infrequent oversight in abstracts that come before us. Such date is often necessary to a proper understanding of the evidence. We mention the fact in this connection not so much to criticise the present abstract as to bespeak future thoughtfulness in that regard on the part of attorneys.

The decree below will be—*Affirmed.*

LADD, C. J., WEAVER and PRESTON, JJ., concur.